Colin L. SPEAKMAN, Movant-Appellant,

v.

STATE of Missouri,
Plaintiff-Respondent.

No. 41507.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 27, 1980.

Rehearing Denied July 18, 1980.

Art. VI, § 25. If the latter it violated Art. III, § 39(3). *Police Retirement System v. Kansas City* at 393.

Ronald E. Pedigo, Public Defender, Farmington, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Herbert A. Kasten, Jr., Pros. Atty., Genevieve, for plaintiff-respondent.

DOWD, Presiding Judge.

Movant appeals from the denial of his Rule 27.26 motion. Movant alleges his motion for post-conviction relief raised matters of fact that movant's guilty plea was not made knowingly and that movant did not understand the type and range of punishment that could be imposed. Movant claims the record does not refute matters raised by his motion and that the trial court erred in denying his motion without holding an evidentiary hearing.

In 1975, movant was convicted of exhibiting a dangerous and deadly weapon in a rude, angry, and threatening manner upon a plea of guilty. Imposition of sentence was suspended, and movant was placed on three years supervised probation. Thereafter in 1976, a capias warrant was issued for movant's apprehension for revocation of movant's probation upon a conclusion movant had absconded. The capias warrant was served in 1978. A probation revocation hearing was held. The circuit court found movant had violated the conditions of his probation, revoked movant's probation, granted allocution, and sentenced movant to five years imprisonment upon this original conviction.

Movant's Rule 27.26 motion set forth 12 grounds allegedly justifying post-conviction relief but did not specifically assert movant's claim his guilty plea was involuntary and made without understanding. On appeal, movant contends his Rule 27.26 motion's allegations of ineffective assistance of counsel presented the issue of the voluntariness of his plea.

The trial court denied the Rule 27.26 motion upon the conclusion the motion did not present any question of law or issue of fact requiring a hearing and that the record was "so clear and thorough on the issues of voluntariness and understanding on the part of Defendant as to obviate any attack upon the plea of guilty itself."

Although the trial court's memorandum opinion and judgment recites the transcripts of movant's guilty plea and probation revocation hearings were made a part the record in the circuit court and were reviewed by the court on the post-conviction motion, movant has not filed such transcripts with us on appeal. The trial court's order denying the postconviction motion also incorporated as grounds for its decision the grounds set forth in the State's memorandum of law in support of its motion to dismiss or deny without evidentiary hearing movant's Rule 27.26 motion. Movant has failed to file the incorporated memorandum in our court.

■ Because of the void in the record before us, we are incapable of determining whether movant has pleaded facts, which if true and not refuted by the record, would warrant relief. If the files and records are conclusive in showing as a matter of law the movant is entitled to no relief an evidentiary hearing is unnecessary. *Jackson v. State*, 585 S.W.2d 495, 597[1, 3] (Mo. banc 1979); *State v. Choate*, 588 S.W.2d 163, 164[3–4] (Mo.App.1979).

Movant has the burden of providing a transcript under Rule 81.12 containing all of the record, proceedings, and evidence necessary to the determination of all questions presented upon appeal from the denial of the Rule 27.26 motion without evidentiary hearing. Upon movant's failure to fulfill the requirements of Rule 81.12, the appellate court will not entertain movant's unsupported contentions. *Vickery v. State*, No. 40930 (Mo.App., E.Dist., April 22, 1980); *State v. Tomich*, 569 S.W. 7 (Mo.App.1978).[1] The record in the instant case is deficient in that movant has not filed the transcripts of the guilty plea and probation revocation hearing and the State's memorandum of law incorporated in the trial court's judgment. Upon the record before us, we cannot say the trial court's conclusion, based in part on grounds contained in the State's incorporated memorandum of law which movant has not produced before us, that movant's Rule 27.26 contentions were refuted by the unfiled guilty plea and probation revocation records was erroneous.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.

---

1. Our conclusion would be otherwise if the transcript were deficient through no fault or lack of diligence by movant. *Jackson v. State, supra* (court reporter died).