**Sandra HEMME, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 34937.**

Missouri Court of Appeals,
Western District.

Sept. 4, 1984.

Larry D. Harman, Krebbs, Holdsworth & Harman, Liberty, for appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

CLARK, Presiding Judge.

This is an appeal from the order of the trial court denying a motion under Rule 27.26 to set aside movant's conviction and sentence on her plea of guilty to the offense of capital murder. The sentence im-

posed on the plea was life imprisonment without eligibility for parole for fifty years. The issue is the asserted ineffectiveness of defense counsel in failing to raise issues of movant's mental state at the time of the offense and her competence to enter the plea.

Appellant was charged with the murder of one Patricia Jeschke on November 12, 1980 by stabbing and strangling the victim. No witnesses to the crime were reported and the record of the plea hearing includes no description of the evidence the state would have offered at trial, save only the statements obtained from movant herself. The file suggests that movant was first interrogated about the crime on December 5, 1980 and on December 10, 1980, she confessed to having perpetrated the homicide.

Certain facts relative to movant's medical history and circumstances were not in dispute. Some of the information entered the record for the first time at the hearing on the 27.26 motion while other details were available at the time the plea of guilty was accepted. The same judge who imposed sentence did not conduct the 27.26 motion hearing. Counsel who represented movant on the criminal charge testified at the motion hearing, but at that time, movant had retained another attorney to present the motion. The gist of the motion claim was that criminal trial counsel had failed to make minimal preparation of the defense and had, instead, actively promoted entry of a guilty plea notwithstanding movant's lengthy history of mental illness induced by drug abuse.

At the time the guilty plea was entered, appellant was 21 years of age. She had first received psychiatric treatment in 1972 at age 13 when she attempted suicide. In the eight years which followed, appellant was successively admitted to a number of treatment institutions in Kansas City, St. Louis, Jefferson City, Columbia and in the State of Maryland with the consequence that in the aggregate, she was hospitalized six of the eight years preceding the crime charged in this case. She attempted suicide three or four more times and had a history of seven admissions to the St. Jo-seph State Hospital where she was a patient at the time of her arrest. According to the state's reconstruction of events, appellant left the hospital the day of the killing and returned there that night.

The record here does not include all material from the criminal file. It does appear that appellant was first charged with the subject offense on or about December 5, 1980 after which the grand jury returned an indictment on December 23. Private counsel was retained for appellant by her father, apparently soon after her arrest. There is no record of when the attorney undertook to represent appellant because the attorney filed no entry of appearance and no motions or pleadings of any kind in the case. He was selected, according to appellant's father, because he had known the family for about ten years and had represented appellant as a juvenile when she was sent to a Kansas City hospital for psychiatric treatment and therapy.

Appellant entered her guilty plea April 10, 1981. In the first segment of the hearing, appellant professed not to have a clear recollection of the killing or any of the events that day. As she described it, the occurrence was not her act but as though she were a spectator watching from the outside. The responses did not satisfy the court and the guilty plea was refused. There is no indication in the record of the plea hearing that the trial court was given any information about appellant's history of institutional treatment or that concern about appellant's competence was at the root of the initial refusal to accept the plea. As the court stated, the testimony offered by appellant was simply not sufficient to satisfy all the elements of the offense of capital murder and the state made no offer to show what its proof would be apart from appellant's confession.

At this point, the prosecutor interceded to obtain a recess, evidently to assist appellant in clearing her memory. During the recess, according to appellant's testimony at the motion hearing, the prosecutor and appellant's attorney jointly instructed her as to how she should respond to the court's questions to assure acceptance of the plea. The hearing resumed after fifteen minutes,

appellant described in some detail to the court the killing of Patricia Jeschke accomplished by appellant alone and the plea was accepted. Defense counsel asked no questions of appellant and made no statement on her behalf. The court immediately sentenced appellant to life imprisonment without parole for fifty years. She was transported to the Department of Corrections five days later.

At the motion hearing, appellant's attorney at the criminal trial testified that he had prepared the case by reviewing the prosecuting attorney's file, by talking with appellant and by examining appellant's file at the St. Joseph State Hospital. He also made some investigation as to other persons appellant described as involved in the offense and gave that information to the St. Joseph Police Department. The attorney agreed he was at the time acquainted with appellant's history of hospitalization during the previous eight years and also with her record as a patient at the time the offense was committed. The attorney said appellant's history and condition raised a doubt in his mind as to appellant's competency to proceed and doubt as to her mental capacity at the time the crime was committed. Despite this doubt, the attorney filed no motion for a mental examination, gave no information to the court as to appellant's history of hospitalization and treatment and he gave no notice of intention to rely on the defense of mental disease or defect. As he described it, he "was really not impressed with this defense."

■ The point raised on this appeal which is dispositive of the case is the claim that appellant's guilty plea was involuntary because her trial counsel, although entertaining doubt as to her competency to proceed, sought no adjudication on the issue and did not communicate his doubt to the court.

■ Where the accused has entered a plea of guilty, adequacy of representation is material only if ineffective representation has affected the voluntariness and understanding of the plea. *Hall v. State,* 496 S.W.2d 300 (Mo.App.1973). The conviction of an accused while legally incompe-

tent is a denial of due process. *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). A person is not competent to proceed if, because of a mental disease or defect, he lacks capacity to understand the proceedings against him or to assist in his own defense. *Bryant v. State,* 563 S.W.2d 37 (Mo. banc 1978). If counsel for the accused comes to an honest belief that his client lacks present capacity for rational understanding and cooperation, he is under a duty to obtain adjudication of the issue because the ongoing criminal conviction process relies on the absence of doubt by defense counsel as to the client's competency. *Miller v. State,* 498 S.W.2d 79, 86 (Mo.App.1973).

■ In review of a trial court order denying relief to a movant under Rule 27.-26, the appellate court is limited to a determination of whether the judgment of the trial court is clearly erroneous. Rule 27.-26(j). The trial court's findings are clearly erroneous only when the appellate court is left with a firm conviction that a mistake has been committed. *Thompson v. State,* 651 S.W.2d 657 (Mo.App.1983).

We are concerned in ruling this appeal only with the issue stated, that is, whether appellant was competent to proceed between the date of the charge and the date of her guilty plea and whether counsel was ineffective in failing to initiate adjudication of the question. The trial court in its findings declared that appellant was competent to enter her plea and further construed the testimony of appellant's trial counsel not to be indicative of doubt that appellant was competent when the plea was entered. These findings are clearly erroneous.

All of the facts recited earlier in this opinion including appellant's long history of treatment for mental problems, her repeated attempts at suicide, her then current status as a patient receiving treatment at St. Joseph State Hospital on the date the offense was committed and on the date of her arrest, and her confused initial plea testimony, psychologically described as derealization, were uncontested and, if fully known by the trial court, should have and no doubt would have prompted an inquiry

to ascertain appellant's actual mental condition before acceptance of the plea. Added to this is the unequivocal testimony by appellant's trial counsel that he did have doubt, not only as to appellant's mental condition when the crime occurred, but doubt also as to her competency to proceed. There is no latitude on this evidence for any other construction or interpretation.

Trial counsel was remiss in failing to request a mental examination of appellant as the initial step of trial preparation and in failing to make known to the trial court his doubt about appellant's competence and the medical and personal history on which the doubt was based. In these circumstances, appellant was ineffectively served by counsel who stood mute and the court erred in not so finding. Appellant was not afforded her due process right to effective counsel and her conviction is therefore fatally flawed.

The judgment of conviction is reversed and the cause is remanded with direction that appellant be allowed to withdraw her plea of guilty.