**Daniel MONTGOMERY,**
**Movant-Appellant,**

v.

**STATE of Missouri,**
**Defendant-Respondent.**

**No. 51036.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 30, 1986.

Motion for Rehearing and/or Transfer
Denied Nov. 4, 1986.

Application to Transfer Denied
Dec. 16, 1986.

Beth S. Ferguson, St. Louis, for movant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

SMITH, Judge.

Movant appeals from the denial of his Rule 27.26 motion following an evidentiary hearing. We affirm. Movant was convicted by a jury of one count of rape and one of sodomy and received consecutive sentences of 30 and 15 years.

 His first point is that trial counsel rendered ineffective assistance in failing to request a second mental evaluation and in failing to request a judicial determination of movant's competency "where counsel honestly believed that appellant was incompetent to stand trial." Counsel did in fact request two mental evaluations, both of which found movant competent to stand trial. While counsel did entertain some doubts of movant's mental condition he testified to nothing upon which to base a motion for a competency hearing. Counsel did not testify that he believed movant was incompetent to proceed, only that he be-

lieved movant had a mental disease. That is not the equivalent of a belief of incompetency to stand trial. *Bryant v. State,* 563 S.W.2d 37 (Mo. banc 1978) [2]. Counsel testified to no inabilities to communicate with movant, to any lack of cooperation from movant, or to any lack of understanding by movant of the nature of the proceedings. In fact, his testimony was to the contrary. Movant reported no prior mental problems to counsel and the one psychiatric evaluation in the record here reflects no prior history of mental illness. In view of the two mental evaluations and the absence of an inability to participate and cooperate in the defense, counsel had no duty to pursue the competency question further. *Shubert v. State,* 518 S.W.2d 326 (Mo.App.1975) [3, 4]; *Hemme v. State,* 680 S.W.2d 734 (Mo.App.1984) [2–5].

For his final point movant posits error in the failure of the trial court to order a competency hearing at the time of sentencing because of "bizarre" statements by movant at that time. Assuming *arguendo,* that such a contention is properly raised in a Rule 27.26 proceeding, we find it without merit. The record before us reflects that the statements were made after sentencing during a hearing on indigency for appeal purposes. As such they do not trigger the provisions of Sec. 552.020(1) RSMo. (Supp.1985) which apply up to sentencing but not to post-trial procedures. *Brown v. State,* 485 S.W.2d 424 (Mo.1972) [3]. The statements are unexplained, movant did not testify at the 27.26 hearing, and the statements do not on their face evidence a lack of competency to understand the proceedings. Movant has the burden of establishing his right to post-conviction relief. We find no error in the trial court's failure to *sua sponte* order a competency hearing.

Judgment affirmed.

SNYDER, C.J., and CARL R. GAERTNER, P.J., concur.