**William PUTNEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56174.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 14, 1990.

Application to Transfer Denied April 17, 1990.

James Stewart McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, William Putney, appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Appellant pled guilty to first degree murder on November 19, 1986, in the brutal killing of a church secretary with whom he worked, Karen Moss. Appellant was sentenced to life in prison without the possibility of probation or parole. Prior to his plea of guilty, the Missouri Department of Mental Health conducted a thorough mental examination of appellant and concluded that he was not suffering from a mental disease or defect at the time of the crime and that he was competent to stand trial. In this appeal, appellant claims that his trial counsel was ineffective in failing to procure a second mental examination and in misleading him about the nature of a trial.

We note initially that in order for appellant to prevail on either of his claims he

must show that his counsel's performance did not meet reasonable professional standards and that this ineffectiveness affected the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Bradford v. State*, 735 S.W.2d 118, 120 (Mo. App., E.D.1987). Where appellant's conviction is the result of a guilty plea, counsel's performance is only relevant if it has affected appellant's voluntariness and understanding of the plea. *Williams v. State*, 760 S.W.2d 200, 201 (Mo.App., E.D.1988). In our review of this matter, we must determine whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

▪ Appellant correctly asserts that trial counsel could have obtained a second mental examination pursuant to RSMo § 552.030.3 (1986) at appellant's own expense and by the practitioner of appellant's choosing. Appellant's claim of ineffective assistance is based on his assertion that, subsequent to the initial evaluation, there existed "overwhelming" reason for trial counsel to believe that appellant suffered from a mental disease or defect at the time of the crime. Appellant relies on the case of *Hemme v. State*, where the Missouri Court of Appeals for the Western District stated that if counsel has an honest belief that the accused lacks the capacity for rational understanding and cooperation, counsel has a duty to obtain adjudication of the issue (by requesting a mental examination). *Hemme v. State*, 680 S.W.2d 734, 736 (Mo. App., W.D.1984). Appellant claims his trial counsel had this same duty. We do not find *Hemme* controlling.

In *Hemme*, trial counsel had not requested any evaluation before the accused entered his plea of guilty. *Id.* at 736. In addition, the Western District found clear evidence that the accused's trial counsel was personally familiar with him and was familiar with his medical history. *Id.* In

our case, appellant's trial counsel had requested a mental evaluation and this evaluation found appellant to be without a mental disease or defect and competent to stand trial. This court held in *Shields v. State*, that trial counsel could rely on a pretrial psychiatric evaluation regarding an accused's mental state at the time of the crime in order to determine whether to use the insanity defense. *Shields v. State*, 757 S.W.2d 247, 248 (Mo.App., E.D.1988).

▪ Likewise, we cannot say that appellant's trial counsel was ineffective in his reliance on the mental evaluation to help determine whether appellant should have pled guilty. Appellant's trial counsel was not personally familiar with appellant as was the trial counsel in *Hemme*. Moreover, appellant did not offer any additional evidence to the motion court which would prove that a second evaluation would have produced a different result. The motion court's refusal to grant relief on this issue is not clearly erroneous.[1]

Appellant next claims ineffective assistance based on trial counsel's informing him that his children and wife would be brought in by the prosecution as witnesses at trial and in counsel's failing to discuss the possibility that appellant could be found guilty of a lesser offense if he went to trial. The testimony at the evidentiary hearing established that appellant's trial counsel did advise appellant that, since the State was seeking the death penalty, if appellant were found guilty at trial, his wife and children may have to testify to save his life. However, counsel advised appellant that the appellant, not the prosecution, may have to call his wife and children to testify and that this would only occur if there were a hearing regarding the death penalty subsequent to appellant's trial. Counsel testified that she did not inform appellant that the prosecution would call appellant's wife and children to testify at trial. Trial counsel also testified that

1. The motion court judicially noticed appellant's guilty plea transcript and partially relied on it to deny appellant's motion. We have not been provided with the guilty plea transcript on appeal and, therefore, we cannot say that the mo-

tion court's conclusion that appellant's claims are refuted by the unfiled guilty plea transcript is erroneous. *Speakman v. State*, 602 S.W.2d 471, 473 (Mo.App., E.D.1980).

she did advise him of the possibility of being convicted of a lesser offense.

The motion court found appellant's claim regarding his wife and children to be unfounded and further noted that trial counsel must be free to employ witnesses and develop trial strategy as she chooses. In addition, the motion court is entitled to disbelieve appellant's testimony and, conversely, to believe that of trial counsel. *Thrasher v. State*, 760 S.W.2d 462, 465 (Mo.App., E.D.1988). Appellant's second point is denied.

Since we do not find the motion court's denial of appellant's Rule 27.26 motion to be clearly erroneous, we affirm appellant's conviction and sentence.

REINHARD and CRIST, JJ., concur.