Alfred GREATHOUSE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 47150.

Missouri Court of Appeals, Western District.

Aug. 17, 1993.

Lorry I. Kohrs, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and BRECKENRIDGE and HANNA, JJ.

HANNA, Judge.

Alfred Greathouse plead guilty to five counts of sodomy and was sentenced to concurrent terms of imprisonment totaling ten years. He filed a timely motion for post-conviction relief under Rule 24.035. Appointed counsel amended the *pro se* motion incorporating the *pro se* allegations. The motion court denied relief without an evidentiary hearing. Greathouse now appeals.

The criminal charges against Greathouse stemmed from acts of sodomy on two girls under the age of fourteen. At his guilty plea hearing, Greathouse admitted his complicity and entered a plea of guilty to the five counts of sodomy. The terms of the plea agreement provided for a ten year lid on punishment for each of five counts of sodomy, with the sentences to be run concurrently to each other. The state dismissed a sixth count of sexual abuse.

In his sole point on appeal, Greathouse claims that the motion court clearly erred in denying him an evidentiary hearing on an allegation of ineffective assistance of counsel. He claims "it was clear from the record of the case the [his] counsel failed to fully and properly explain the consequences of pleading guilty to the court and counsel misled [him] as to the possible range of punishment." Specifically, he contends in his argument to this court that his attorney informed him that the maximum sentence he would receive would only be seven years. He asserts entitlement to an evidentiary hearing because he plead sufficient facts, not refuted by the record, that indicated both ineffective representation and prejudice.

To be entitled to post-conviction relief on claims of ineffective assistance of counsel, a Rule 24.035 movant must plead and prove that counsels deficient performance tainted the voluntariness of the guilty plea. *Whaley v. State*, 833 S.W.2d 441, 444 (Mo.App.1992). Under Rule 24.035(g) no evidentiary hearing is required if the motion, files, and record conclusively show no entitlement to post-conviction relief. To warrant an evidentiary hearing, a movant must plead facts, not conclusions,

which, if true, would entitle him to relief. *Jones v. State*, 829 S.W.2d 47, 48 (Mo.App. 1992). These facts cannot be refuted by the record and must demonstrate prejudice to his case. *Id.* To prevail on appeal, the movant bears the burden of showing the motion courts findings to be clearly erroneous and must provide a complete record. *Lestourgeon v. State*, 837 S.W.2d 588, 590 (Mo.App.1992).

■ In its findings and conclusions, the motion court determined that the movant's allegation failed to state how counsels actions affected the guilty plea, and that the allegation was refuted by the record. Rule 24.035(j) limits appellate review to a determination of whether the motion courts findings and conclusions are clearly erroneous. The motion courts findings are presumed correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991).

■ Lacking any showing of prejudice, the movant's allegation of ineffective representation makes no reference as to how counsels actions influenced the voluntariness of the guilty plea. That deficiency alone justifies denial of an evidentiary hearing and affirmance on appeal.

■ The movant now argues that "[t]he factual allegations raised in Appellants amended motion are not refuted in the record of this case." Of course, the "record" in a Rule 24.035 appeal is primarily the guilty plea transcript, which appellants counsel failed to provide this court as required by Rule 81.12(a). When appealing the denial of an evidentiary hearing in a post-conviction proceeding, the appellant has the burden of providing a transcript containing the entire record necessary to the determination of all questions on appeal. *Speakman v. State*, 602 S.W.2d 471, 473 (Mo.App.1980). Without the necessary record, this court has no basis to determine whether the allegations are refuted by the record, or whether the motion courts determination is clearly erroneous. *Putney v. State*, 785 S.W.2d 562, 563 n. 1 (Mo.App. 1990); *Speakman*, 602 S.W.2d at 473. The guilty plea transcript is an essential part of a Rule 24.035 appeal.

■ Although it is not the respondents responsibility, the state has produced a copy of the transcript in order for us to properly review the matter. The guilty plea transcript reveals that the court requested counsel to state on the record the terms of the plea agreement. The assistant prosecuting attorney stated:

Mr. McKenzie: Judge, in this case Mr. Greathouse is charged in a six-count information, and the State in exchange for a plea of guilty to the six-count information would tell the Court that the offer is that the defendant would plead guilty, then he would be later sentenced by the Court; that a lid has been placed on the possible sentence that Mr. Greathouse would be under, and that lid would be ten years; that in no way could the Court impose a sentence of over ten years, nor could the State argue for such a sentence, and then all six counts in the information would be run concurrent no matter what the sentence was. The only different part of that, Judge, is Count IV, Sexual Abuse in the First Degree, which is a Class D felony, and that would just have the lid of five years, of course, since thats the maximum on that sentence anyway. So that would be the States understanding of the plea.

\* \* \* \* \* \*

The Court: What are you going to do with Count IV?

Mr. McKenzie: Since they are running concurrent, the State will agree to just dismiss Count IV of sexual abuse at the time of sentencing if that would be all right.

Following this discussion, the attorney for Greathouse examined him as follows:

Q: And as recently as this morning when I confirmed to you what the plea offer was—weve talked quite a bit prior to today, but today I confirmed that, didnt I?

A: Yes.

Q: All right. Now, you heard Mr. McKenzie outline the plea agreement as proposed by the State, did you not?

A: Yes.

Q: And did you understand his description of the plea agreement?

A: Yes.

Q: And did that description agree with or concur with what your idea of the plea agreement proposed in this case was?

A: Right.

Q: You further understand the latter case, CR90–1677 will be dismissed?

A: Yes.

It is abundantly clear that the record refutes Greathouse's allegations in his Rule 24.035 motion. Greathouse makes an unequivocal acknowledgement that he understood the plea agreement to be a sentence of ten years maximum on each count with one count and one case being dismissed.

We will not unduly lengthen this opinion with the questions and answers between Greathouse, the assistant prosecutor and the court concerning the range of punishment. The transcript shows that the assistant prosecutor and the court discussed the range of punishment with Greathouse as being five to fifteen years for a class B felony of sodomy. He manifested his understanding of the actual punishment range, and indicated that nothing about the range changed his decision to plead guilty.

Therefore, the guilty plea record refutes the allegation of misadvice by counsel affecting the movants understanding of the plea agreement, or the voluntariness of his guilty plea. When, as here, the record shows the movants claimed beliefs about his sentence to be unreasonable, it dispels any allegation of being misled by counsel. *Whaley*, 833 S.W.2d at 442–43.

We are compelled to observe that this appeal is wholly lacking in merit. Counsel, on behalf of the movant, argues that the record clearly refutes Greathouse's understanding of the plea agreement and his understanding of the range of punishment provided for the class B felony of sodomy. The guilty plea transcript, which counsel for the movant/appellant failed to provide to this court, refutes these allegations so clearly that counsel and movants good faith are brought into question. The mov-ant presents no rational argument based on the facts or law in support of his claim. The lower courts judgment is plainly correct and it is obvious the factual content and legal authority is contrary to movants position, so that no appealable issue exists. The points raised here are utterly groundless and without merit.

The judgment of the motion court denying the post-conviction motion, without an evidentiary hearing, is affirmed.

All concur.