**Tommy R. YARBERRY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 31468.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 13, 2012.

---

Alexa I. Pearson, of Columbia, MO, for appellant.

Chris Koster, Attorney General and Shaun J. Mackelprang, Assistant Attorney General, of Jefferson City, MO, for respondent.

Tommy R. Yarberry ("Yarberry") appeals the motion court's denial of his Rule 24.035 [1] motion for post-conviction relief after an evidentiary hearing. We affirm the judgment of the motion court.

## Factual and Procedural Background

On August 27, 2009, Yarberry was charged as a prior and persistent offender with two counts of the class C felony of domestic assault in the second degree, violations of section 565.073, and two counts of the unclassified felony of armed criminal action, violations of section 571.015.[2] The information charged that the aforementioned crimes were committed by Yarberry against his "spouse" on or about May 30, 2009.

On October 23, 2009, a guilty plea hearing was held and Yarberry pled guilty pursuant to a plea agreement.[3] At the

---

1. All rule references are to Missouri Court Rules (2011).

2. All statutory references are to RSMo 2000.

3. The terms of the plea agreement were such that in exchange for Yarberry's guilty pleas on the two domestic assault charges, the State would dismiss the armed criminal action charges, as well as a *separate case filed*

hearing, Yarberry informed the plea court he had no questions about the charges against him, he had read and understood the terms of the plea agreement, he had sufficient time and opportunity to discuss his case and the plea agreement with his counsel, he understood the rights he was waiving by pleading guilty, and no one induced his plea. The State then set out the factual basis for the plea, and Yarberry's counsel indicated he believed the State could make a submissible case. Yarberry then informed the plea court he was pleading guilty because he was guilty of the crimes charged. The plea court then concluded there was a "factual basis for the pleas of guilty," found Yarberry's pleas were voluntary and made "with an understanding of [his] rights," and found Yarberry "guilty thereof beyond a reasonable doubt." Yarberry was then sentenced to 2 six-year terms in the Missouri Department of Corrections ("DOC") with the sentences to run concurrently. Further, Yarberry indicated to the plea court that he had no problems or complaints with his plea counsel such that he was "completely satisfied with him as [his] attorney[.]"

On April 27, 2010, Yarberry filed his *pro se* Rule 24.035 motion. He was thereafter appointed counsel by the motion court, and his appointed counsel filed an "AMENDED MOTION UNDER RULE 24.035." Among the claims raised in this motion were allegations that Yarberry's plea counsel was ineffective for failing to properly investigate the charges against Yarberry, for failing to review discovery and other documents with Yarberry, for advising him that he could be convicted solely on the facts in the police report alone, and for informing him that his spouse was definitely going to testify against him at trial.

On May 19, 2011, an evidentiary hearing was held on this motion. Counsel for Yarberry, Larry Tyrrell ("Tyrrell"), testified he did not tell Yarberry he could be convicted solely on the basis of the police reports, and he recalled he told him that "if the witnesses testified as the police reports indicated that they would, he would have had a hard time defending his case." He related it was his understanding the victim in Yarberry's case was available and willing to testify and he "had no doubt that [she] would testify because that's been the protocol here in Greene County.... They just go get them if they don't come."

Stephanie Wan ("Wan"), the State's prosecutor, testified she was familiar with Yarberry's spouse because she was also a special prosecutor with a local court program and Yarberry's spouse was enrolled in that program. She related she subpoenaed Yarberry's spouse to testify and even personally spoke with her, as well as with her probation officer, about appearing in court for Yarberry's case. She stated she did not recall Yarberry's spouse "ever coming and talking to [her] and telling [her] she didn't want to testify[,]" nor did she ever get any indication that she did not intend to testify. Wan further testified that in the event Yarberry's spouse had indicated an unwillingness to testify, she would still have proceeded with the case as it is her "policy [not to] dismiss cases just because people tell [her] they don't want to testify." Additionally, Wan stated that if she had been unable to locate Yarberry's spouse, she would have sent an investigator to locate her and she would have subpoenaed her again.

against him. Further, the plea agreement provided the State would recommend a sentence of six years on the domestic assault charges with the sentences to run concurrently.

Yarberry testified that his plea counsel told him that he had spoken with Yarberry's spouse and other witnesses, but once he was at the DOC he found out "that [Tyrrell] never had called them or talked to them." He related Tyrrell "[gave] him the impression that if it went to trial, the police reports alone would be enough to convict [him]" and that the complaining witness did not need to testify because "they can do it off of the police report alone." He then stated he had "lie[d]" to the plea court when he told the court he had assaulted his wife. After admitting to having "[p]robably at least 12" felony convictions, Yarberry related that at the time of the guilty plea hearing, he just had his probation revoked in a driving while intoxicated case and he had "picked up an attempt to manufacture case ... [.]" He stated he understood that if his Rule 24.035 motion was successful, he would be facing "more time than the six years ..." he was currently facing as the cases that were dismissed per the plea agreement would be reinstated and he faced further prosecution.

Yarberry's spouse testified she was never contacted by plea counsel about testifying in Yarberry's criminal case and she did not recall receiving a summons or subpoena from the State. She went on to testify she was "not for sure" if she was assaulted by Yarberry on the date in question because her drug use at the time made her recollection "kind of blurry." She also related she would not voluntarily testify against Yarberry if she had been called to testify even if under a subpoena.

At the close of the evidentiary hearing, the motion court ruled from the bench that "there was not ineffective assistance of counsel" and Yarberry was not entitled to prevail on his Rule 24.035 motion. In its "ORDER DENYING AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND JUDGMENT," the motion court relied on the testimony of Tyrrell and Wan in its determination that Yarberry's plea was not involuntarily made as it related to the potential testimony of his spouse and any assertions relating to the police reports. Accordingly, the motion court denied Yarberry's request for relief. This appeal followed.

The issues presented for our determination are:

1. Did the motion court err in denying Yarberry's claims in his Rule 24.035 motion that he received ineffective assistance of counsel as a result of his plea counsel's failure to investigate?

2. Was there error in the motion court's denial of his Rule 24.035 motion because his post-conviction counsel omitted certain claims from the amended motion and failed to raise all potential claims?

**Standard of Review**

■■■ Our review of the denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Chrisman v. State*, 288 S.W.3d 812, 820 (Mo.App. S.D.2009). The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression a mistake has been made. *Conley v. State*, 301 S.W.3d 84, 87 (Mo.App. S.D.2010). The movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling. *Id.*; Rule 24.035(i). Determinations concerning credibility are exclusively for the motion court and it is free to believe or disbelieve any evidence, whether contradicted or un-

disputed. *Mendez v. State,* 180 S.W.3d 75, 80 (Mo.App. S.D.2005). On appeal, we defer to the credibility determinations of the motion court. *Id.*

■■■■ Where, as here, a defendant pleads guilty pursuant to a plea agreement, the defendant " 'waive[s] any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made.' " *Welch v. State,* 326 S.W.3d 916, 918 (Mo.App. W.D.2010) (quoting *Worthington v. State,* 166 S.W.3d 566, 573 (Mo. banc 2005)). A movant "bears the burden of proving his post-conviction claims ... by a preponderance of the evidence." *Chaney v. State,* 223 S.W.3d 200, 206 (Mo.App. S.D.2007).

■■■■ To prevail on a claim of ineffective assistance of counsel, a movant must show counsel's representation fell below an objective standard of reasonableness and that, as a result, movant was prejudiced. *Id.* at 206; *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064–5, 80 L.Ed.2d 674 (1984). In cases where the movant has entered a guilty plea, "prejudice" requires the movant show that but for his counsel's alleged unreasonable conduct, there is reasonable probability he would not have pled guilty and would have insisted on going to trial. *Cupp v. State,* 935 S.W.2d 367, 368 (Mo.App. S.D.1996). " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Moss v. State,* 10 S.W.3d 508, 511 (Mo. banc 2000) (quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052)). Movant's claim of ineffective assistance of counsel must fail if either the performance or the prejudice prong cannot be met. *Patrick v. State,* 160 S.W.3d 452, 455 (Mo. App. S.D.2005).

### Point I: Ineffective Assistance of Counsel for Failure to Investigate

In his first point relied on, Yarberry asserts the motion court clearly erred in denying his Rule 24.035 motion relating to his claim of ineffective assistance of plea counsel because "plea counsel failed to investigate the facts and law of the case before incorrectly advising [him] that he could be convicted by the police reports alone, and incorrectly advising him that [his wife] was planning on testifying against him at trial...." Yarberry maintains he later "discovered that counsel's advice was factually and legally incorrect, and counsel's ineffectiveness prejudiced [him] by rendering his guilty pleas involuntary and unknowing ...," and but for this "incorrect advice" from counsel he "would have chosen to exercise his right to a trial." [4]

### Analysis

■■■■ When a movant claims counsel failed to adequately investigate a case, this court considers whether counsel "fulfilled his obligation to either conduct a reasonable investigation or to make a reasonable decision that a particular investigation was unnecessary." *Hill v. State,* 301 S.W.3d 78, 82 (Mo.App. S.D.2010) (internal citation and quotation omitted). " '[T]he duty to investigate does not force defense lawyers to scour the globe on the off-chance something will turn up; reasonably diligent

---

4. We note Yarberry's first point relied on comes close to being improperly multifarious in that he argues not only that counsel failed to investigate and gave "incorrect advice" but that he did so in relation to two separate matters. "Points relied on containing multi-

farious claims violate Rule 84.04(d) and ordinarily are subject to dismissal." *Day v. State,* 208 S.W.3d 294, 295 (Mo.App. S.D.2006). However, we will address Yarberry's point relied on as best we can.

counsel may draw a line when they have good reason to think further investigation would be a waste.'" *Strong v. State*, 263 S.W.3d 636, 652 (Mo. banc 2008) (quoting *Rompilla v. Beard*, 545 U.S. 374, 125 S.Ct. 2456, 2463–4, 162 L.Ed.2d 360 (2005)). We find Yarberry's claims that plea counsel was ineffective in failing to investigate are refuted by the record. Tyrrell testified it was his understanding Yarberry's wife intended to testify against Yarberry, and it was his experience the State would secure her appearance by any means necessary. This belief by Tyrrell was backed up by the testimony of Wan, who affirmed it was her protocol to get the victims in such cases to testify even if it meant sending a court investigator to locate them. She related she, in fact, subpoenaed Yarberry's spouse, as well as personally spoke to her on numerous occasions such that she believed she was willing and ready to testify against Yarberry in the event of a criminal trial. While Yarberry's spouse testified she was never subpoenaed by Wan or contacted in any way by Tyrrell, we defer to the motion court's determinations of credibility. The motion court obviously found the testimony of Wan and Tyrrell to be more credible than that offered by Yarberry. *Mendez*, 180 S.W.3d at 80.

Likewise, Yarberry's contention that Tyrrell told him he could be convicted based on the police reports alone is also refuted by the record. Tyrrell, an experienced criminal defense attorney, testified he told Yarberry "if the witnesses testified as the police reports indicated that they would, he would have had a hard time defending his case." This is different than Yarberry's assertion that Tyrrell "[gave] him the impression that if it went to trial, the police reports alone would be enough to convict [him] ... [.]" Again, we defer to the credibility determinations made by the motion court. *Id.* It is clear in the present

matter, that Tyrrell fulfilled his obligations to Yarberry when it came to investigating the case and in making reasonable decisions relating thereto. *See Hill*, 301 S.W.3d at 82. The motion court did not err in denying Yarberry's claims in his Rule 24.035 motion that he received ineffective assistance of counsel as a result of his plea counsel's failure to investigate. Point I is denied.

### *Point II: Ineffective Assistance of Post–Conviction Counsel for Failing to Raise Claims in the Amended Motion*

In his second point relied on, Yarberry maintains the motion court clearly erred in denying his request for post-conviction relief in that the record shows he received ineffective assistance from his post-conviction counsel. He asserts post-conviction counsel "failed in her duties ... to include all known claims of error in the amended motion" including at least one claim of error asserted by Yarberry in his *pro se* motion. He argues that he was prejudiced by her actions "because [her] failure to raise all claims known to him prevented the motion court from reviewing [plea] counsel['s] ineffectiveness and a serious constitutional error that is apparent from the record."

### Analysis

Yarberry acknowledges in his brief that this claim was clearly not raised in his motions filed with the motion court. He asserts that he "is not seeking plain error review, and recognizes these claims are unreviewable." With that being said, he then goes on to acknowledge "courts have consistently held that claims of ineffective assistance of post-conviction counsel are categorically unreviewable[,]" yet he urges that the present case warrants such a review due to the Supreme Court's

decision in *Martinez v. Ryan,* —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). We disagree. The narrow holding in *Martinez,* 132 S.Ct. at 1316–1318, was limited to a determination that in jurisdictions where a claim of ineffective assistance of counsel must be raised in an "initial-review collateral proceeding," a procedural default will not bar a federal habeas court from hearing those claims. While *Martinez* could potentially aid Yarberry in the future if he were to file a federal habeas action, it is of no aid to him in the instant Rule 24.035 matter. Thus, the rule remains that " '[c]laims of ineffective assistance of [post-conviction] counsel are categorically unreviewable.' " *Gehrke v. State,* 280 S.W.3d 54, 58 (Mo. banc 2009) (quoting *Hutchison v. State,* 150 S.W.3d 292, 303 (Mo. banc 2004)). We cannot and shall not address the issue presented in Yarberry's second point relied on.

The order of the motion court is affirmed.

GARY W. LYNCH, P.J., and NANCY STEFFEN RAHMEYER, J., Concur.