Johnnie Jerome KERNS,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. SD 31722.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 5, 2013.

Robert McGee, Springfield, MO, for Appellant.

Chris Koster, Attorney General, and Robert J. Bartholomew, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, P.J.

Johnnie Jerome Kerns ("Movant") appeals the motion court's denial of his Rule 24.035[1] motion for post-conviction relief. He raises two points on appeal: (1) the motion court erred in denying his claim that his guilty plea was involuntary because plea counsel assured him that his

sentences would be ordered to be served concurrently, and (2) the motion court erred in denying his claim that plea counsel was ineffective for (a) failing to spend sufficient time with Movant to discuss the case, and (b) failing to fully investigate the case.[2] We disagree and affirm.

### Factual and Procedural Background

Movant pleaded guilty to first-degree burglary, kidnapping, abuse of a child, first-degree assault, and armed criminal action. Those charges arose from a single course of conduct which culminated in his act of throwing a five-year-old child off a bridge. Movant was sentenced to serve eighteen years for armed criminal action and to the maximum sentences for each of the remaining charges. The plea court ordered Movant's sentences run consecutively, resulting in a total sentence of seventy years' imprisonment.

Movant timely filed a *pro se* motion for post-conviction relief, counsel was appointed, and an amended motion was filed. In the amended motion, Movant alleged, among other claims, (1) his guilty pleas were involuntary because plea counsel had assured him that his sentences would run concurrently, (2) plea counsel was ineffective for failing to meet with Movant more often, and (3) plea counsel was ineffective for failing to fully investigate the case prior to the guilty pleas.

During the evidentiary hearing on the amended motion, Movant testified that before pleading guilty, he met with plea counsel only four or five times. He said plea counsel advised him that he did not

1. All rules references are to Missouri Court Rules (2012).

2. Movant's second point raises two claims because it addresses two separate alleged failures by plea counsel. Thus, the point is multifarious and preserves nothing for review.

*See Yarberry v. State*, 372 S.W.3d 568, 573 n. 4 (Mo.App.2012). Nevertheless, because we can discern the nature of the claims presented in that point, we exercise our discretion to review them. *See State v. Middlemist*, 319 S.W.3d 531, 534 n. 2 (Mo.App.2010).

think Movant would receive consecutive sentences. Movant admitted, however, that he had been informed at the plea hearing that his sentences could be ordered to run consecutively and that plea counsel never promised that the sentences would be run concurrently.

Plea counsel testified that from the beginning of the representation, Movant wanted to take responsibility for his actions and resolve the case as quickly as possible. Plea counsel's records demonstrated that before the plea hearing, he met with Movant on nine occasions. Plea counsel knew that there was no guarantee that the sentences would be run concurrently and discussed that fact with Movant. Plea counsel believed that pleading guilty was the best possible way to proceed in the case because the facts of the case were "pretty aggravating."

The motion court concluded that Movant's claim that he believed he would not receive consecutive sentences was refuted by the record. In support of that conclusion, the motion court quoted a portion of the guilty plea hearing transcript in which the prosecutor explained that the sentences could be run consecutively and Movant indicated he understood. With respect to the claim that plea counsel was ineffective for failing to fully investigate the case, the motion court found that Movant had failed to prove the claim at the evidentiary hearing when he failed to present evidence demonstrating any information plea counsel could have discovered through such additional investigation. Finally, in denying Movant's claim that plea counsel was ineffective for failing to meet with Movant more frequently, the motion court referred to Movant's testimony at the plea hearing that he had all the opportunity he needed to discuss the matter with his attorney. The motion court denied relief, and this appeal followed.

## Standard of Review

■■■ "Appellate review of the motion court's action on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous." *Brooks v. State,* 242 S.W.3d 705, 708 (Mo. banc 2008); Rule 24.035(k). The motion court's findings of fact and conclusions of law are clearly erroneous only if, after reviewing the record, "the appellate court is left with the definite and firm impression that a mistake has been made." *Brooks,* 242 S.W.3d at 708 (citing *Weeks v. State,* 140 S.W.3d 39, 44 (Mo. banc 2004)). We presume the motion court's findings are correct. *Crawford v. State,* 105 S.W.3d 926, 927–28 (Mo.App.2003).

## Discussion

■■ In his first point, Movant argues that the motion court erred in denying his claim that his plea was not voluntary because he relied on plea counsel's assurances that the sentences would run concurrently. In his second point, Movant argues that plea counsel was ineffective for failing to meet with Movant more often and for failing to adequately investigate the case. Movant has not provided us with a sufficient record to review these claims because he did not provide us with a copy of the transcript of the guilty plea hearing.

■■■ "[T]o conduct an appropriate review, this Court must be furnished with an adequate record for its review so that we are not forced to speculate on the facts and the exact claim of [Movant]." *State v. Hackler,* 122 S.W.3d 132, 135 (Mo.App. 2003). Moreover, "[i]t is fundamental that on appeal the motion court's ruling is presumed to be correct and that the burden is on the appellant to establish that the ruling was erroneous." *Garris v. State,* 389

S.W.3d 648, 650–51 (Mo. banc 2012) (citing *State v. Cella,* 32 S.W.3d 114, 117 (Mo. banc 2000)). For this reason, it is the appellant's duty to prepare and file a complete record on appeal. *Id. See also* Rule 81.12; *Hackler,* 122 S.W.3d at 135; *Arnold v. State,* 789 S.W.2d 525, 526 (Mo.App. 1990). "The transcript on appeal must contain all the necessary material to make a determination of the issues raised, and where such information is not included, there is nothing for the appellate court to review because the appellate court is unable to determine if the trial court erred." *Hackler,* 122 S.W.3d at 135.

■■ After a movant's plea of guilty, his or her claim of ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the guilty plea was made. *Roberts v. State,* 276 S.W.3d 833, 836 (Mo. banc 2009). For this reason, where a movant is claiming ineffective assistance of his or her plea counsel, "the guilty plea transcript is an essential part of a Rule 24.035 appeal." *Greathouse v. State,* 859 S.W.2d 247, 249 (Mo.App.1993). In its absence, a movant's guilty plea is presumed "to have been made knowingly and voluntarily in accord with Rule 24.02(b)." *See Garris, supra.* This is especially true where the motion court finds that the claims are refuted by the record. *See Putney v. State,* 785 S.W.2d 562, 563 n. 1 (Mo.App.1990) (noting that a finding that a claim in a Rule 24.035 action is refuted by the record cannot be reviewed without a copy of the transcript of the guilty plea proceedings).

In this case, Movant failed to provide us with a copy of the transcript of the guilty plea proceedings as part of the record on appeal. This omission raises the presumption that Movant's plea was knowingly and voluntarily made, *see Garris, supra,* 389 S.W.3d at 651–53, thereby dooming Mov-

ant's ineffective assistance of plea counsel claims and supporting our presumption that the motion court's findings are correct. This analysis is especially obvious with respect to Movant's claims that plea counsel assured him his sentences would not run consecutively and that plea counsel was ineffective because he did not meet with Movant often enough. On each of those claims, the motion court specifically relied on statements made at the plea hearing. Without the transcript of the guilty plea hearing to ascertain the context within which those statements were made, we cannot determine whether the motion court erred in making its findings, and Movant's claims must be denied. *See Putney,* 785 S.W.2d at 563 n. 1.

■■ Moreover, were we to address the merits of Movant's claims, we would be obliged to find that Movant utterly failed to prove these claims at the evidentiary hearing, even in the absence of a transcript of the guilty plea hearing. With respect to Movant's claim that his plea was involuntary because plea counsel assured him that his sentences would run concurrently, Movant admitted at the evidentiary hearing that plea counsel did not promise him the sentences would run concurrently. Plea counsel stated that he discussed with Movant the possibility that the plea court might decide to order that the sentences be served consecutively. Thus, at best, Movant proved that plea counsel made a prediction regarding Movant's sentences. This is not sufficient to succeed on a claim of ineffective assistance of counsel. *See Felton v. State,* 103 S.W.3d 367, 371–72 (Mo.App.2003). Movant's claim that counsel failed to meet with him is without merit because he failed to offer any evidence as to how additional meetings would have helped his case, and plea counsel testified at the evidentiary hearing that he met with Movant nine times over the course of the

representation. *See State v. Link,* 965 S.W.2d 906, 911 (Mo.App.1998). Finally, Movant's claim that counsel was ineffective for failing to investigate the case does not merit relief because Movant presented no evidence at the evidentiary hearing that demonstrated what information could have been discovered through additional investigation. *See, e.g., Bliss v. State,* 367 S.W.3d 190, 195 (Mo.App.2012); *Proctor v. State,* 809 S.W.2d 32, 36 (Mo.App.1991). The motion court did not clearly err in determining that the evidence provided at the evidentiary hearing did not prove Movant's claims by a preponderance of the evidence. Therefore, even if we had a record suffi-cient to review Movant's claims, they have no merit.

Movant's points are denied.

### Decision

The motion court's judgment is affirmed.

NANCY STEFFEN RAHMEYER and WILLIAM W. FRANCIS, JR., JJ., concur.