Louis William HILL, Movant–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. SD 32384.

Missouri Court of Appeals,
Southern District,
Division Two.

June 26, 2013.

See also, 360 S.W.3d 260.

Rosalynn Koch, Columbia, MO, for Appellant.

Robert J. Bartholomew, Jr., Jefferson City, MO, Division II, for Respondent.

MARY W. SHEFFIELD, J.

Louis William Hill ("Movant") appeals the motion court's denial of his Rule

24.035 [1] motion for post-conviction relief. He argues the motion court clearly erred in denying his claim that Lashon Rhodes, the attorney who represented Movant during the underlying criminal proceedings ("plea counsel"), was ineffective for failing to object to a misstatement of fact the prosecutor made while reciting the factual basis for the guilty plea. We disagree because Movant failed to prove the prejudice necessary to succeed on his claim. Consequently, we affirm the motion court's judgment.

### Standard of Review

Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k). Findings and conclusions are clearly erroneous where a review of the record leaves the appellate court with the definite and firm impression that a mistake has been made. *Yarberry v. State*, 372 S.W.3d 568, 572 (Mo.App. S.D.2012). Furthermore, we "may affirm the judgment on any legal ground supported by the record if the motion court arrived at the correct result." *Greene v. State*, 332 S.W.3d 239, 246 (Mo. App. W.D.2010).

The movant in a post-conviction case bears the burden of proving his claims by a preponderance of the evidence. *Yarberry*, 372 S.W.3d at 572. A successful claim of ineffective assistance of counsel requires proof that: "(1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) [the movant] was thereby prejudiced." *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011). "Movant's claim of ineffective assistance of counsel must fail if either the performance or the prejudice prong cannot be met." *Yarberry*, 372 S.W.3d at 573.

### Factual and Procedural Background

Movant was charged with three counts of first-degree statutory rape. *See* § 566.032.[2] Movant entered into a plea agreement with the State whereby Movant would enter an *Alford*[3] plea to one count of statutory rape, and the State would dismiss the remaining two counts. At the guilty plea hearing, Movant stated (1) he understood the rights he was waiving by pleading guilty, and (2) no threats or promises had been made to coerce him into pleading guilty. The prosecutor then explained the facts the State would prove if the case were to go to trial:

> [T]he [S]tate would provide testimony from various witnesses endorsed on the felony information, including law enforcement officials, employees of the Division of Family Services, as well as a teacher in the local school district, and an individual by the name of [J.I.], who was at the time of the incident less than fourteen years of age. [J.I.] would testify that on or about the date charged in the information, March 29, 2003, the defendant, who was living at a foster care residence owned and operated by Velva Hawkins, did in fact take the young girl into the back yard where there was a tent set up and had sexual intercourse with her. There would be other testimony from members of the medical community, including Ken Haley, with the Wayne County Regional Medical Center,

---

1. All rule references are to Missouri Court Rules (2013).

2. All statutory references are to RSMo Cum. Supp. (2011).

3. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

that would indicate that evidence of the SAFE exam did in fact indicate that there had been sexual intercourse with this young girl. I believe upon the conclusion of all the evidence the defendant would be found guilty beyond a reasonable doubt of the unclassified felony of statutory rape in the first degree.

The plea court found there was "substantial evidence against the defendant and a great likelihood of conviction should the matter be tried to a jury." The plea court found a factual basis for the plea, suspended imposition of sentence, and placed Movant on five years supervised probation.

Movant subsequently violated the conditions of his probation, and his probation was revoked. Movant sought post-conviction relief.[4] In his amended motion he claimed his guilty plea was involuntary because plea counsel failed to object to the false information included in the prosecutor's recitation of the factual basis for the charge. In support, Movant alleged the prosecutor stated the SAFE exam showed the victim had sexual intercourse, when in fact the SAFE exam merely revealed certain physical findings. Movant alleged he was prejudiced because the plea court relied on the untruthful information in concluding there was a factual basis for the guilty plea, and therefore Movant was convicted without a factual basis for his plea.

The plea court held a hearing regarding the claim on the amended motion. The only witness at the hearing was Kimberly Ann Haley, the nurse practitioner who performed the SAFE exam. She testified she examined J.I. at the request of the Division of Family Services. She discovered a notch in J.I.'s hymen, but there was not any evidence that the notch was the actual result of sexual abuse. She did conclude J.I.'s history and behavior were consistent with sexual abuse, however. Defendant did not testify.

The motion court denied relief, finding there was a factual basis for the plea, regardless of the prosecutor's misstatement regarding the SAFE exam. This appeal followed.

### Discussion

In his sole point, Movant argues he proved plea counsel was ineffective for failing to object to the misstatement the prosecutor made while reciting the factual basis. He argues he was prejudiced by the misstatement because the plea court relied on that' misstatement in determining whether there was a factual basis for the plea. Movant is incorrect because he failed to prove the prejudice prong necessary to succeed on his claim.

Prejudice from ineffective assistance of counsel is shown where the movant demonstrates there is a reasonable probability that, absent the errors of counsel, the results of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of a claim of ineffective assistance of counsel during the plea negotiation phase, this test requires proving that, absent the errors of counsel, there is a reasonable probability the movant would have insisted on going to trial.[5] *Hill v. Lockhart*, 474 U.S. 52, 59,

---

4. In a previous appeal, the Supreme Court of Missouri remanded the case to allow Movant to present evidence regarding whether his *pro se* motion had been timely filed. *Dorris v. State*, 360 S.W.3d 260, 270 (Mo. banc 2012). On remand the parties stipulated that the *pro* se motion had been timely filed. There are no further issues regarding the timeliness of the *pro se* or amended motions.

5. The United States Supreme Court has recently recognized an alternative way of prov-

106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Where the movant alleging ineffective assistance in the plea negotiation phase has been granted an evidentiary hearing in his post-conviction proceeding, but does not testify that absent counsel's errors he would have insisted on going to trial, his claim of ineffective assistance of counsel fails. *Stacker v. State,* 357 S.W.3d 300, 304 (Mo.App. S.D.2012).

In the present case, Movant did not testify at the evidentiary hearing. Consequently, there was no evidence demonstrating Movant would have insisted on going to trial had plea counsel performed differently. Movant failed to prove he was prejudiced by plea counsel's allegedly deficient performance. *See id.*

Because Movant failed to prove prejudice, we do not address whether plea counsel's performance demonstrated the customary skill and diligence of a reasonably competent attorney. *See Yarberry,* 372 S.W.3d at 573. Movant's sole point is denied.

### *Decision*

The motion court's judgment is affirmed.

DON E. BURRELL, C.J. and JEFFREY W. BATES, J., concur.

---

ing prejudice where the allegation of ineffective assistance of counsel involves the lost opportunity to accept a more favorable plea agreement. *Missouri v. Frye,* — U.S. —, 132 S.Ct. 1399, 1409, 182 L.Ed.2d 379 (2012). That test does not apply in the present case, however, because Movant did not allege plea counsel's ineffectiveness caused him to forgo a more favorable plea agreement.