**Darin Richard MENDEZ, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 26712.**

Missouri Court of Appeals, Southern District, Division Two.

Dec. 22, 2005.

---

Irene Karns, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Karen L. Kramer, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

Darin Richard Mendez ("Movant") appeals the denial of his post-conviction relief motion filed pursuant to Rule 24.035 [1] contending that his pleas of guilty were involuntary as a result of ineffective assistance of counsel. We affirm.

Movant was charged with the class A felony of robbery in the first degree, in violation of Section 569.020, two counts of armed criminal action, in violation of Section 571.015, the class B felony of assault in the first degree, in violation of Section 565.050, and the class D felony of resisting arrest, in violation of Section 575.150. Those charges stemmed from the robbery of a convenience store in Branson, Missouri, on November 22, 2001, when Movant threatened a clerk with an eight inch knife while stealing a bottle of tequila. He was later chased by police officers, and was arrested following a high-speed chase which ended when his car was forced off the road and collided with a parked car.

On the day the cases were set for trial before the court,[2] Movant's attorney, Dayrell Scrivner ("Attorney Scrivner"), told the court that Movant wanted to plead guilty to first-degree robbery, one count of armed criminal action, and resisting arrest. This was part of a plea bargain in which the State agreed to dismiss the other two counts (assault in the first degree and one count of armed criminal action). Movant signed a Petition to Enter Plea of Guilty in which he stated that he stole tequila while holding a knife and that he resisted arrest. In that petition, Movant acknowledged that his attorney had discussed the ranges of punishment for the offenses; that he understood that the sentence he would receive was solely a matter within the control of the judge; if anyone made any promises or suggestions other than as noted in the petition, they had no authority to do so; and that he had not been coerced or forced in any manner to get him to plead guilty and that no promises, inducements or representations had been made except the assurance that the State would dismiss the two counts referred to earlier.

At the plea hearing, Movant assured the court that he had read and understood the petition to plead guilty. He also acknowledged knowing that the range of punishment for first-degree robbery was ten to thirty years or life; the minimum punishment for armed criminal action was three years with no maximum and no opportunity for probation; and for resisting arrest he could receive a maximum of five years and a $5,000 fine. He was asked if, other than the plea agreement, there had been any other kind of promises that induced him to plead guilty, and after a conference with his attorney, he told the court that there had not been. The court accepted

---

**1.** All rule references are to Missouri Rules of Criminal Procedure (2004) and all references to statutes are to RSMo (2000), unless otherwise indicated.

**2.** Movant had previously waived jury trial.

Movant's pleas of guilty and set the case for sentencing.

Sentencing was set for March 6, 2003, at which time Movant appeared with Attorney Scrivner. Attorney Scrivner, however, informed the court that since the pleas had been entered in Movant's cases, he had started a position with the Stone County Prosecuting Attorney's Office,[3] but that after discussions with Movant, they both thought that since the pleas had been entered prior to counsel's new employment, he should continue with the sentencing. Although informed that Movant had no objection to him serving as counsel at sentencing, the court held that the conflict could not be waived, Attorney Scrivner was permitted to withdraw, and the matter was continued.

When the matter came up again for sentencing on May 1, 2003, Movant appeared with attorney Marc Edmondson ("Attorney Edmondson"). The court sentenced Movant to concurrent terms of twelve years for first-degree robbery, five years for armed criminal action, and five years for resisting arrest. Upon questioning by the court, Movant said that except for Attorney Scrivner, he was satisfied with the attorneys who had represented him. Movant said that he believed that at some point Attorney Scrivner knew that he had applied for a job with the Stone County Prosecutor, but said nothing to him about it until a couple of days before he was set to appear for sentencing. According to Movant, Attorney Scrivner told him he would get him an attorney, but on the day sentencing was scheduled, told him that he had not been able to find anyone. Consequently, Movant said he had not looked for another attorney. He also said, with reference to Attorney Scrivner:

He also led me to—well, there was no promise of anything, but he led me to believe that just plead guilty to this because obviously the Judge will see that you had a mental breakdown and he'll have leniency on you. That was exactly what he gave me, that impression, of that—just go ahead and do this, and not that things are going to be all right. He said "He can go crazy and give you 30 years", okay? He says "But, surely he's going to see what has happened and not do that to you."

Movant said, "That would be my only complaint," and "[h]e just misguided me." When the court said he understood Movant's complaint to be that Attorney Scrivner withdrew because he took a job as a prosecutor in another county and didn't get him a substitute lawyer soon enough, Movant said:

That just made me look bad. No, Your Honor, that's not my complaint. My complaint is that he knew he had the application in for prosecutor, and he indeed decided to represent me, and I believed him until the very end, the very day that he would help me. I believe I was misrepresented. I believe that I was in a way deceived.

When the court said that he was having trouble following what Movant believed Attorney Scrivner's ineffectiveness was, and asked if Movant was saying that Attorney Scrivner was trying to represent him but did not have his interests at heart because he also wanted to be a prosecutor somewhere, Movant said, "Quite possibly." Movant also said:

He led me to believe that everything would be gone over thoroughly and that we would see exactly what happened

---

**3.** The charges against Movant were filed, and he entered his pleas, in the Circuit Court of Taney County.

that day, and again that was the only thing I requested was to feel that feeling.

The court then made the finding that probable cause to believe that ineffective assistance of counsel did not exist.

Movant filed a pro se motion for post-conviction relief pursuant to Rule 24.035, which was amended by appointed counsel. One of Movant's allegations in that proceeding was that "[p]lea counsel erroneously assured [M]ovant that he would receive a suspended imposition of sentence for the robbery charge, three to five years on the armed criminal action charge, and probation on the resisting arrest charge." An evidentiary hearing was held, and the motion court entered findings of fact and conclusions of law denying the motions. This appeal followed.

■ In his sole point on appeal, Movant contends that the motion court clearly erred in denying his Rule 24.035 motion "because [his] plea was unknowing and involuntary in that he pled in reliance on counsel's mistaken advice that he would receive a suspended imposition of sentence for the charge of first-degree robbery, a sentence of three to five years on the armed criminal action charge, and be put on probation for the charge of resisting arrest." He says that had he "not been incorrectly advised about what sentences he could expect, he would have insisted on proceeding to trial."

■ We review the denial of a motion for post-conviction relief only to determine whether the findings of fact and conclusions of law of the motion court were clearly erroneous. *Schuerenberg v. State*, 98 S.W.3d 922, 923 (Mo.App. S.D.2003); Rule 24.035(k). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Schuerenberg*, 98 S.W.3d at 923.

■ "A criminal defendant seeking post-conviction relief based on ineffective assistance of counsel must demonstrate that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under substantially similar circumstances and that he was thereby prejudiced." *Graham v. State*, 11 S.W.3d 807, 810 (Mo. App. S.D.1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)). When a movant's conviction was the result of a guilty plea, "a claim of ineffective assistance of counsel is immaterial except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made." *Id.* (citing *Wilkins v. State*, 802 S.W.2d 491, 497 (Mo. banc 1991), *cert. denied*, 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991)). Movant must show that the guilty plea "was not the product of an intelligent or knowing act." *Cole v. State*, 2 S.W.3d 833, 835 (Mo.App. S.D.1999).

■ "When a defendant claims to have pleaded guilty based on a mistaken belief about his sentence, the test is whether a reasonable basis exists in the record for such belief." *Morehead v. State*, 145 S.W.3d 922, 931 (Mo.App. S.D.2004) (quoting *McNeal v. State*, 910 S.W.2d 767, 769 (Mo.App. E.D.1995)). Only when it appears that a movant's belief is based upon positive representations on which he is entitled to rely will we conclude a movant's mistaken belief is reasonable. *Id.* A disappointed expectation of a lesser sentence does not make a guilty plea involuntary. *Talley v. State*, 146 S.W.3d 465, 467 (Mo. App. S.D.2004). Additionally, mere predictions by plea counsel as to sentencing will not lead to a finding of legal coercion rendering a guilty plea involuntary. *Id.* A

claim that a movant was misled by counsel is tested by whether any such belief was reasonable. *State v. Rice*, 887 S.W.2d 425, 428 (Mo.App. W.D.1994). "[W]here there is no reasonable basis for the belief in light of the guilty plea record, movant is not entitled to relief." *Id.* (quoting *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978)).

The motion court concluded that Movant's belief as to an anticipated sentence was subjective, and that the plea record contained no evidence that he was promised any sentence on any of the three charges to which he pled guilty. The court noted that Attorney Scrivner successfully negotiated the dismissal of two serious felony charges; and that Movant indicated during his plea that he was not promised any particular sentence. It concluded that "[Attorney Scrivner], never promised Movant a particular sentence or probation and as the plea record suggests Movant was clearly informed that he was not promised any particular sentence in exchange for his plea of guilty. This Court, considering the entire record and the testimony of [Attorney Scrivner] and the Movant find no believable basis for Movant's alleged claim in his petition."

Attorney Scrivner testified at the evidentiary hearing that he never told Movant that he was going to receive a suspended imposition of sentence on the robbery charge, that he merely told him that the minimum sentence on the armed criminal action charge was three years, and that he did not tell him that he would receive probation on the resisting arrest charge. Determinations concerning credibility are exclusively for the motion court which is free to believe or disbelieve any evidence, whether contradicted or undisputed. *Anderson v. State*, 84 S.W.3d 501, 505 (Mo.App. S.D.2002). The appellate courts defer to the credibility determinations of the motion court. *Kenney v. State*, 46 S.W.3d 123, 128 (Mo.App. W.D.2001).

Based on the record outlined earlier in this opinion, we are unable to conclude that the motion court clearly erred as alleged by Movant on this appeal. His point is denied.

The judgment is affirmed.

BATES, C.J., and BARNEY, J., concur.