John Wesley CARDEN,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

Nos. SD 31880, SD 31881, SD 31882.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 20, 2013.

Alexa Irene Pearson, Columbia, MO, for Appellant.

Richard Anthony Starnes, Jefferson City, MO, for Respondent.

MARY W. SHEFFIELD, J.

John Wesley Carden ("Movant") appeals the motion court's denial of his Rule 24.035[1] motion for post-conviction relief. Movant claims the trial court clearly erred in denying his claim that Cristy Meadows ("plea counsel") provided ineffective assistance of counsel because she gave him incorrect advice about the plea court's options during sentencing. We disagree with Movant and affirm the trial court's decision.

### Standard of Review

The movant in a post-conviction case has the burden of proving his or her claims by a preponderance of the evidence. Rule 24.035(i). To prove a claim of ineffective assistance of counsel, the movant must show his attorney did not demonstrate the customary skill and diligence of a reasonably competent attorney in the same or similar circumstances and the defense was prejudiced by that substandard performance. *Mendez v. State,* 180 S.W.3d 75, 79 (Mo.App. S.D.2005). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Appellate review of the motion court's decision in a post-conviction case is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). "As the findings of the motion court are presumed to be correct, they are deemed clearly erroneous only if, after a review of the entire record, this Court is left with the definite and firm impression that a mistake has been made." *Willoughby v. State,* 81 S.W.3d 676, 679 (Mo.App. S.D. 2002).

### Factual and Procedural Background

Movant was charged as a prior and persistent offender in three cases: one case

---

1. All rule references are to Missouri Court Rules (2012).

involving one charge of receiving stolen property, a second case involving one charge of receiving stolen property, and a third case involving one charge of failure to return rented property and one charge of receiving stolen property.[2] Movant entered guilty pleas to these four charges without the benefit of a plea agreement as to sentencing. Under oath, Movant stated no promises had been made to induce his guilty pleas and he was completely satisfied with plea counsel's services. The plea court accepted each of Movant's four guilty pleas. Two other cases were then dismissed as part of the plea agreement based on Movant's plea of guilty to the four charges.

At sentencing, the State recommended ten-year sentences on each case to run consecutively to a twelve-year sentence Movant would be required to serve in another case. Plea counsel argued Movant should be sentenced to long-term drug treatment. The plea court sentenced Movant to four concurrent ten-year terms of incarceration and ordered those sentences to be served consecutively to Movant's sentences in other cases.

Movant subsequently filed a *pro se* motion for post-conviction relief under Rule 24.035. The public defender was appointed to represent Movant, and an amended motion was timely filed. In the amended motion, Movant alleged plea counsel was ineffective because she told Movant the judge was required by law to give Movant the opportunity to complete long-term drug treatment. Movant also alleged he would not have pled guilty but would have insisted on going to trial if he had been correctly advised.

An evidentiary hearing was held regarding the claims in the amended motion. Movant testified plea counsel told him the judge would give him long-term treatment because Movant had not had the opportunity for such treatment before. Movant remembered the judge telling him at the guilty plea hearing that there was no plea agreement. Movant also admitted he was not promised he would receive long-term treatment, and he understood plea counsel could not promise him anything that was not part of a plea agreement. Plea counsel testified she told all her clients who enter guilty pleas without plea agreements "that the State will argue what they want, that we argue what we believe is correct, and that the [j]udge makes the final decision[.]" She also explained to those clients "nothing is guaranteed at that point; and that [they] can receive anything from time served, probation, all the way to the maximum of the possibility of [their] sentences, and that would be solely up to the [j]udge." Plea counsel admitted she told Movant he qualified for long-term treatment, but stated she would not have told Movant long-term treatment was guaranteed. Plea counsel did not promise Movant he would receive long-term drug treatment.

The motion court entered findings of fact and conclusions of law denying all of Movant's claims. The motion court noted Movant's statements at the plea hearing and plea counsel's testimony indicating she had explained to Movant that the State could argue for more severe punishment. The motion court specifically found that Movant's testimony at the evidentiary hearing was not credible. Movant appeals.

**2.** *See* §§ 570.080, 578.150, RSMo Cum.Supp. (2002). The four charges listed above were presented to the trial court in three separate criminal cases. Movant's guilty pleas to those charges were entered and accepted in a single hearing. Movant challenged his convictions in three separate post-conviction actions. Because Movant claimed all of the guilty pleas were involuntary based on the same acts of alleged ineffective assistance of counsel, we address the claims jointly as the motion court did.

### Discussion

■ In his sole point on appeal, Movant argues the motion court clearly erred in denying his claim for relief based on the allegation that plea counsel advised Movant "he qualified for long-term drug treatment, and told him the judge was required by law to give him the opportunity for treatment if he pled guilty without an agreement, because this misled him into believing that the judge would order treatment if he entered open guilty pleas[.]" This argument is without merit because Movant failed to prove plea counsel gave him that advice.

■ "When a movant's conviction was the result of a guilty plea, 'a claim of ineffective assistance of counsel is immaterial except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made.'" *Mendez*, 180 S.W.3d at 79 (quoting *Graham v. State*, 11 S.W.3d 807, 810 (Mo.App. S.D. 1999)). "Mistaken beliefs about sentencing may affect a defendant's ability to knowingly enter a guilty plea if: 1) the mistake is reasonable, and 2) the mistake is based upon a positive representation upon which movant is entitled to rely." *Willoughby*, 81 S.W.3d at 679–80 (quoting *Johnson v. State*, 921 S.W.2d 48, 50 (Mo. App. W.D.1996)). On the other hand, "[a] disappointed expectation of a lesser sentence does not make a guilty plea involuntary." *Mendez*, 180 S.W.3d at 79. Furthermore, a motion court does not clearly err in denying a claim that the movant was misled about his sentence where the attorney testifies at an evidentiary hearing the alleged misadvice was never given. *Id.* at 80.

In the present case, plea counsel testified that when she had a client who planned to enter a plea of guilty without the benefit of a plea agreement, she advised the client the ultimate sentencing decision will be made by the judge and "nothing is guaranteed[.]" She also stated she would not have advised Movant long-term treatment was guaranteed. Furthermore, Movant admitted plea counsel had not promised him he would receive a sentence involving long-term treatment. In fact, the only evidence Movant adduced to support his assertion that plea counsel told him the judge would be required to sentence him to long-term treatment was Movant's own testimony, which the motion court rejected. As we defer to the motion court's credibility determinations, *id.*, there is nothing in the record to demonstrate plea counsel gave Movant erroneous advice.

The motion court did not clearly err in determining Movant had failed to meet his burden of proving his claim. Movant's sole point is denied.

### Decision

The motion court's denial of Movant's Rule 24.035 motion is affirmed.

DON E. BURRELL, C.J., and JEFFREY W. BATES, J., concur.