MARY W. SHEFFIELD, J.
Gathol Marcus May ("Movant") appeals the denial of his amended Rule 24.035 motion for post-conviction relief following an evidentiary hearing.[1] Movant's sole point claims that his plea counsel was constitutionally ineffective for advising Movant that he faced a potential 30-year sentence for felony forgery and felony stealing when, pursuant to State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016), which was decided after Movant was sentenced, Movant could have been imprisoned for only 16 years. Movant claims that but for this erroneous advice he would not have pleaded guilty to the forgery charge. Finding no clear error, we affirm.
Standard of Review
Appellate review is for clear error which is found only where a review of the record leaves the appellate court with the definite and firm impression that a mistake has been made.
*124 Carden v. State , 404 S.W.3d 386, 387 (Mo. App. S.D. 2013). This Court presumes the motion court's findings are correct. Kerns v. State , 389 S.W.3d 749, 752 (Mo. App. S.D. 2013).
Factual and Procedural Background
The State charged Movant in case number 1431-CR01909-01 with the class C felony of forgery, the class A misdemeanor of fraudulent use of a debit device, and the class A misdemeanor of stealing. In a separate case, 1431-CR01954-01, the State charged Movant with the class C felony of stealing property with a value of at least $500. Each charging document alleged that Movant was a prior and persistent felony offender. The State and Movant entered written plea agreements involving both cases wherein Movant would receive a 12-year sentence (concurrent on the felonies), the State would oppose probation, and the State would dismiss the misdemeanor charges.
In July 2015, a plea hearing was held for both cases. With regard to each felony charge, the forgery and the stealing, the court advised Movant that, because of his prior convictions, he was facing a sentence of up to 15 years on each case and a potential fine of $5,000 on each felony-a total of 30 years. The court accepted Movant's guilty pleas, found him guilty, and set the cases for sentencing after the receipt of a sentencing assessment report. In October 2015, the court sentenced Movant to two concurrent terms of 12 years' imprisonment.
Movant timely filed a pro se Rule 24.035 motion in December 2015. After Bazell was decided in August 2016, Movant timely amended that motion with the assistance of appointed counsel to claim, among other things, that he was denied effective assistance of counsel in his forgery case because plea counsel had "misinformed Movant of the range of punishment in his companion stealing case, in that [plea counsel] told him that, after being found prior and persistent, he could be sentenced to fifteen years in both cases, for a total of thirty years, instead of a maximum of sixteen years."[2] Movant claimed that, but for the incorrect information as to the maximum sentence that he could have received, he would have continued to trial. After an evidentiary hearing, the motion court overruled Movant's amended motion. This appeal followed.
Discussion
Movant's point on appeal claims clear error in the motion court's denial of his amended motion. Movant claims plea counsel was ineffective for failing "to recognize that under the plain language of Section 570.030 at the time of [Movant]'s guilty plea, [Movant]'s stealing charge should have only been a misdemeanor[.]" Movant claims he "was therefore facing only sixteen years of incarceration instead of thirty, and but for this erroneous advice, [Movant] would not have pleaded guilty to the forgery charge."
Plea counsel and Movant provided the only testimony at the evidentiary hearing on the amended motion. Both men testified that plea counsel told Movant that, based on the governing interpretation of Section 570.030 at the time and Movant's *125 status as a prior and persistent felony offender, Movant could receive consecutive 15-year terms if found guilty of both felony stealing and felony forgery. Plea counsel explained at the evidentiary hearing, however, that at the time of the guilty plea, Bazell had not been decided, and he had no way of knowing that the Bazell decision would be issued almost a year later. In plea counsel's ten years of practicing law, the stealing charge Movant faced had "always been treated as a felony[.]" The motion court found that Movant was properly advised of the sentencing ranges in effect for both felony charges at the time the guilty plea was taken and that Movant could not claim that counsel was ineffective based on Bazell because Bazell did not apply retroactively.
We discern no clear error in the motion court's finding. "To prove a claim of ineffective assistance of counsel, the movant must show his attorney did not demonstrate the customary skill and diligence of a reasonably competent attorney in the same or similar circumstances and the defense was prejudiced by that substandard performance." Carden , 404 S.W.3d at 387. "Judicial scrutiny of counsel's performance must be highly deferential." Strickland v. Washington , 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our aim is "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. (emphasis added). To that end, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690, 104 S.Ct. 2052 (emphasis added). Thus, counsel's conduct is measured by the law in effect at the time, and we do not generally require counsel to anticipate changes in the law. See Glass v. State , 227 S.W.3d 463, 472 (Mo. banc 2007).
Movant argues that plea counsel was ineffective for not informing him that his stealing charge should have been a misdemeanor with a maximum one-year sentence under Bazell , so Movant was only facing 16 years' imprisonment, not 30. Movant claims that a reasonably competent attorney should have anticipated the holding in Bazell because, in Bazell , the Supreme Court found that the language of Section 570.030.3 was clear, thus obviating the need to employ tools of statutory interpretation. 497 S.W.3d at 266.
Here, Movant was charged, pleaded guilty, and was sentenced before Bazell was decided. Under State v. Passley , 389 S.W.3d 180 (Mo. App. S.D. 2012), Section 570.030.3 did permit felony enhancement of his stealing offense and Passley remained the law until 2016 when it was expressly abrogated by Bazell . Id. at 184-85 ; Bazell , 497 S.W.3d at 267 n.3.[3] Our supreme court thereafter ordered that Bazell 's holding "only applies forward, except those cases pending on direct appeal." State ex rel. Windeknecht v. Mesmer , 530 S.W.3d 500, 503 (Mo. banc 2017) ; see also State ex rel. Zahnd v. Van Amburg , 533 S.W.3d 227, 229 n.2 (Mo. banc 2017) ("the holdings in Bazell and [ State v. Smith , 522 S.W.3d 221, 229-31 (Mo. banc 2017) ] apply only prospectively and to cases still *126 pending on direct appeal."); Fite , 530 S.W.3d at 510-11 (concluding that a Rule 29.07(d) motion's claim that the circuit court must withdraw a movant's guilty plea for felony stealing was "substantively meritless" because Bazell 's holding only applies prospectively). This Court has since extended those holdings to find that-because Bazell applies only prospectively and to cases still pending on direct appeal-Rule 24.035 relief is not available for a claim that the trial court imposed a sentenced in excess of that authorized by Bazell 's interpretation of Section 570.030. Bosworth v. State , ED105802, --- S.W.3d ----, ----, 2018 WL 3977035, at *4 (Mo. App. E.D. Aug. 21, 2018) ; Abrams v. State , 550 S.W.3d 557, 558 (Mo. App. S.D. 2018) ; Watson v. State , 545 S.W.3d 909, 915-16 (Mo. App. W.D. 2018). In effect, had Movant chosen to go to trial and been sentenced to 30 years' imprisonment, his 30-year sentence would stand unless his direct appeal remained pending when Bazell was decided in August 2016.
Based on these clear precedents, because the trial court in this case could permissibly enter a sentence in accord with the pre- Bazell interpretation of Section 570.030, it follows that counsel was not ineffective for informing his client of that very fact. Because Bazell does not apply retroactively, it has no application to Movant's case and cannot serve as a basis to vacate his conviction and sentence. At the time Movant was charged, pleaded guilty, and was sentenced, felony enhancement for stealing was authorized under the pre- Bazell interpretation of Section 570.030. Plea counsel's performance was not deficient in so advising Movant. Point 1 is denied.[4]
Conclusion
After reviewing the entire record in this case, we are not left with the definite and firm impression that a mistake has been made. Carden , 404 S.W.3d at 387. The motion court's findings of fact and conclusions of law are not clearly erroneous. See Rule 24.035(k). The order overruling Rule 24.035 relief is affirmed.
WILLIAM W. FRANCIS, JR., P.J. - CONCURS
JEFFREY W. BATES, J. - CONCURS

Rule references are to Missouri Court Rules (2018). Unless otherwise noted, all statutory references are to RSMo Cum. Supp. (2013).

For those unfamiliar with Bazell , the Supreme Court of Missouri held felony enhancement of a stealing offense under Section 570.030.3, RSMo Cum. Supp. (2009), only applied when the value of the appropriated property or services was an element of the offense. 497 S.W.3d at 266-67. Our Supreme Court further found that since the value of the property or services appropriated was not an element of a stealing charge under section 570.030.1, enhancement under section 570.030.3, from a misdemeanor to a class C felony, was not available. Id.

See also State ex rel. Fite v. Johnson , 530 S.W.3d 508, 511 (Mo. banc 2017) ("Although [Passley ] held stealing is a felony when the value of the stolen property exceeds $500, Bazell held this interpretation 'should no longer be followed' because the felony enhancement does not apply to the offense of stealing as defined by § 570.030.1."). Section 570.030 has been amended and, effective January 1, 2017, no longer contains the same language addressed in Passley and Bazell .

Because no clear error exists in the motion court's finding that counsel's performance was not deficient, we do not reach the motion court's alternative holding that Movant failed to prove prejudice. See Gold v. State , 341 S.W.3d 177, 181 (Mo. App. S.D. 2011).