

# Missouri Court of Appeals
## Southern District

### In Division

JAMES D. MORELAND,                    )
                                        )
        Movant-Appellant,            )
                                          )
v.                                    )     No. SD37482
                                          )     Filed: **February 6, 2023**
STATE OF MISSOURI,                    )
                                          )
        Respondent-Respondent.       )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable William E. Hickle, Circuit Judge

### <u>AFFIRMED</u>

James D. Moreland ("Moreland") appeals from the judgment of the motion court denying his Rule 24.035[1] amended motion for post-conviction relief following an evidentiary hearing. Moreland raises a single point on appeal, asserting that the motion court clearly erred in denying his Rule 24.035 amended motion because ineffective assistance of counsel rendered his plea of guilty involuntary and unknowing in that "because as a result of his attorney's inaccurate advice, [Moreland] believed he would get probation and mental health court[2] if [Moreland] pled open so

---

[1] Unless otherwise noted, all rule references are to Missouri Court Rules (2021).
[2] For clarity, we will refer to what Moreland calls "mental health court" as "treatment court" throughout this opinion unless we are using a direct quote from the Record on Appeal.

[Moreland] rejected the State's offer and pled open."[3]  Moreland asks this Court to reverse the motion court's judgment, vacate his sentence, and remand for resentencing on the State's original plea offer of seven years imprisonment on Count I and three years imprisonment on Count II, for a total sentence of ten years imprisonment.  Because the motion court did not clearly err in determining that Moreland's plea was knowing and voluntary, the judgment is affirmed.

### Factual Background and Procedural History

The State charged Moreland by indictment with second-degree assault with special victim (Count I) and resisting arrest (Count II).  *See* Section 565.052; 575.150.[4]  On June 25, 2018, the trial court convicted Moreland following his plea of guilty.  Moreland, through plea counsel, plead guilty without an agreement as to sentence, waived his right to a Sentencing Assessment Report and requested the trial court proceed with sentencing the same day.  The trial court sentenced Moreland to a term of ten years imprisonment on Count I and a term of two years imprisonment on Count II with the sentences in Counts I and II to be served consecutively to each other and two counts in a separate companion case.

In his response to the trial court's plea colloquy on June 25, 2018, Moreland testified he signed an "Acknowledgment of Rights and Petition to Enter Plea of Guilty" after reading it.  In that document, Moreland acknowledged:

> No other officer or agent of any branch of government promised or suggested that I will receive a lighter sentence, or probation, or any other form of leniency if I plead guilty.  I know that any such offer has no legal effect.  I know that the Court can sentence me at its discretion within the range of punishment.  If I am on probation or parole, I know that by pleading guilty here my probation or parole

---

[3] In his amended motion for post-conviction relief, Moreland sets out the issue more specifically as, "Trial counsel advised [Moreland that Moreland] would receive mental health court if [Moreland] entered an open plea of guilty." This is the issue preserved for appeal.  Moreland never challenged the advice given by Moreland's *plea counsel*, and Moreland does not claim otherwise on appeal.
[4] Unless otherwise noted, all statutory references are to RSMo 2016.

may be revoked, and I may be required to serve time in that case, which may be consecutive to any sentence imposed upon me in this case.

During the trial court's plea colloquy, Moreland confirmed he understood he did not have to plead guilty, confirmed he understood the maximum potential sentence, and denied anyone made any predictions or promises to him as to the likely outcome of either case:

| [Court:] | And is there any plea agreement at all, [State]? |
|---|---|
| [State:] | No, sir. |
| [Court:] | And, [Moreland's plea counsel], is that your understanding? |
| [Moreland's plea counsel:] | It is, your Honor. |
| [Court:] | Mr. Moreland, is that your understanding as well? |
| [Moreland:] | Yes, sir. |
| [Court:] | So you understand then, if my arithmetic is right, that I can sentence you to up to 27 years for the conduct that [State] just described. Do you understand that? |
| [Moreland:] | Yes, sir. |
| [Court:] | Knowing that, are you still wishing to plead guilty here today? |
| [Moreland:] | Yes, sir. |
| [Court:] | Has anyone made any predictions or promises to you as to what the likely outcome of either one of these cases may be? |
| [Moreland:] | No, sir. |

The court accepted Moreland's plea as knowing and voluntary.

The record reflects Moreland's plea counsel requested Moreland be placed on probation with a condition of probation that he participate in the Greene County, Missouri treatment court. Plea counsel informed the trial court that the first deposit had been made at Recovery Chapel, a facility in Springfield, Missouri where Moreland could live while completing treatment court. The State opposed the request, arguing Moreland should be incarcerated due to his "career of harming people and placing people in danger[,]" including multiple prior felony convictions and actions putting law enforcement officers in danger. The trial court observed that Moreland's case file contained an undated letter from Moreland's attending psychiatrist, Dr. Houghton,

3

stating, in part, "[Moreland] should be held accountable for his behavior. Lastly, we strongly recommend that he not be returned for further inpatient hospitalization as this will only serve to reinforce negative manipulative behaviors." The trial court noted other documents reflected Dr. Houghton prescribing medication to Moreland in July 2015 and the letter was placed among other documents dated July 2015. Moreland's plea counsel argued Moreland had been evaluated by the treatment court in Greene County, Missouri on June 11, 2019 and had been found "suitable" for the program. The trial court sentenced Moreland on Counts I and II as set out above, with probation being denied.

On September 10, 2018, Moreland timely filed *pro se* a Form 40 motion to vacate, set aside, or correct the judgment or sentence pursuant to Rule 24.035. Counsel was appointed ("PCR counsel") on September 11, 2018. PCR counsel filed an amended motion, and the motion court held an evidentiary hearing on the amended motion on June 28, 2021.[5] Moreland and his plea counsel testified at the evidentiary hearing. Plea counsel testified Moreland had been accepted to the treatment court in Greene County, Missouri, but the State was not agreeable to that disposition.[6] Plea counsel testified Moreland was "really excited about the prospect of mental health court and did not want to take what the offer was." Plea counsel testified she told Moreland before he entered his guilty plea that his sentence was up to the judge and there was no guarantee as to his sentence:

> And I remember [Moreland] being more excited than I felt it warranted. And
> [Moreland] kept saying, "So I'm getting out today? I'm getting out today?" And

---

[5] The record reflects PCR counsel received an extension of time to file an amended motion but failed to file the amended motion within the time requested by the first extension and likewise failed to obtain a ruling on a second request for extension, resulting in the amended motion being untimely filed on October 22, 2019. The motion court admitted Moreland's Ex. 2, an affidavit of abandonment of PCR counsel assigned to the case in 2019, at the evidentiary hearing on the motion, and the motion court found that Moreland had been abandoned by PCR counsel, accepted the late amended motion filing, treated the amended motion as if it were timely filed, and considered the amended motion on its merits. Thus, there is no issue on appeal as to abandonment of PCR counsel related to the untimely amended motion filing.

[6] Plea counsel testified the State was agreeable to Moreland's participation in treatment court in the companion case.

I told [Moreland] there are no guarantees. The judge is going to do what he's going to do. I told [Moreland] I was optimistic [Moreland] would get mental health court, but there was not a guarantee of that at all.

Plea counsel testified that she had a second discussion with Moreland before his open plea about the plea to ensure he understood there were no guarantees. Plea counsel denied ever advising Moreland he would be guaranteed participation in the treatment court in exchange for his guilty plea. Plea counsel testified she never gives a percentage chance of any preferred outcome "because with an open plea you never know."

Moreland also testified at the evidentiary hearing. Moreland testified trial counsel told him "that [trial counsel] had won an argument in chambers with the judge that if I took an open plea I would get mental health court" and that this advice led Moreland to plead guilty:

| | |
|---|---|
| [State:] | Did you understand that getting the mental health court was not an automatic response to you entering the open plea? |
| [Moreland:] | I was exited [sic] about it because -- I was excited about getting mental health court because I needed it. And if I took an open plea I would get mental health court. So I was hoping to get to go home. So, yes, that's why I took an open plea. |
| [State:] | Did you understand that it wasn't guaranteed that you would get the mental health court? |
| [Moreland:] | Yes. It was in the Judge's hands. That [trial counsel] told me I would get mental health court if I took an open plea. |

The motion court held the record open and received additional evidence at a hearing on November 5, 2021 due to unavailability of a necessary witness (trial counsel) at the June hearing. At the November 2021 evidentiary hearing, trial counsel testified he changed job locations and withdrew from representing Moreland over two months before the plea hearing. Trial counsel denied ever advising Moreland that Moreland's participation in the treatment court was guaranteed:

| | |
|---|---|
| [State:] | But you never guaranteed [Moreland] any result in this case, correct? |
| [Trial counsel:] | I never guarantee. |

5

Trial counsel also testified he believed he had won an in-chamber discussion with the trial court concerning the treatment court and that the trial court was amenable to a sentence including the treatment court and that trial counsel believed it was reasonable for Moreland to have the impression he might receive an alternative sentence based on this:

| | |
|---|---|
| [State:] | I guess I just don't understand, [trial counsel], why you say it's entirely reasonable that [Moreland] had that impression when you say in the next breath that you don't remember what you told [Moreland]. I guess I see a disconnect there. It's difficult for me to understand. |
| [Trial counsel:] | Well, I think you're misstating what I said. I didn't say I don't remember what I told [Moreland]. I said that I couldn't state with specificity that I told [Moreland] what would happen. I know that I -- what I did say to [Moreland] was what happened in chambers, and that the Judge was asking for an actual bed date, that we return to court with an actual bed date, if I remember correctly. So I -- and so based on that, yeah, I think it's reasonable, if [Moreland] had that impression. |
| [State:] | So you told [Moreland] that the Judge wanted a bed date, and based on that you think it was reasonable for [Moreland] to think that by pleading guilty in these cases, instead of 27 years [Moreland] would get mental health court? |
| [Trial counsel:] | Say that again. |
| [State:] | So by telling [Moreland] that the Judge was allowing the case to be reset so that you could have a bed date, you think that that would be reasonable for [Moreland] to take the leap from that statement to the idea that [Moreland] was going to be getting mental health court by pleading guilty? |
| [Trial counsel:] | If the question is would I think it was reasonable for [Moreland] to have that impression, yeah, I think it's reasonable. |
| [State:] | So you think you gave [Moreland] the impression that [Moreland] would be getting mental health court? |
| [Trial counsel:] | That's a different question. Like I said, I don't remember exactly what I said. You're asking me do I think it was reasonable for [Moreland] to have that impression. I do. |
| [State:] | And that would be based on what you told [Moreland]? |
| [Trial counsel:] | Based on what happened as I just related. |
| [State:] | Okay. I guess I'll try one more time, [trial counsel], to get this. What did you tell [Moreland], that you recall? |
| [Trial counsel:] | I think I've already answered that. What I've said |

6

|  |  |
|---|---|
|  | repeatedly, was based on what happened. What happened was that I presented my argument in chambers and the Judge seemed to see the value in that. And based on that, subsequently pushed out any other court dates, so that we could secure a bed date, okay. Now that part I'm certain I relayed to [Moreland] one way or another. I don't remember exactly what I said. But I'm certain I relayed to [Moreland] what happened. And so the question is, based on me relaying that to [Moreland], would [Moreland] have expected -- would it have been reasonable for [Moreland] to anticipate or think that [Moreland] was going to get mental health court? I think it's highly reasonable. |
| [State:] | Okay. And, you know, of course, I'm sure that was [Moreland's] goal was to get mental health treatment. But I guess the real question is, did you make [Moreland] any assurances or promises that [Moreland] would get -- |
| [Trial counsel:] | I've already answered that, [State]. |
| [State:] | So the answer is no? |
| [Trial counsel:] | That's correct. |

On February 17, 2022, the motion court entered its Findings of Fact, Conclusions of Law, and Judgment denying Moreland's amended motion. The motion court concluded Moreland's claim was directly contradicted by evidence at the evidentiary hearing. Specifically, the motion court found plea counsel's testimony credible that she had not advised Moreland as to what result she believed he would get and that she had explained to Moreland that the judge could do anything the judge wanted, including sending Moreland to prison. The motion court found trial counsel did not represent Moreland at the time of the plea hearing or for the two months preceding the plea hearing, and that trial counsel testified he made Moreland no promises as to what would happen if Moreland entered a guilty plea. The motion court found the plea hearing transcript directly contradicted Moreland's claim because Moreland acknowledged he understood he could be sentenced to up to 27 years on the charges and acknowledged under oath no one had made any promises or predictions as to what the trial court would do. The motion court concluded:

This evidence outweighs any speculation by [trial counsel] during his testimony that he believes it would have been reasonable for [Moreland] to believe [Moreland] would be getting mental health court if [Moreland] entered an open plea. Indeed, what is relevant is not what [trial counsel] thought was reasonable, but rather what impression was left on [Moreland]. And [Moreland] testified unequivocally at the plea hearing that nobody had made any predictions or promises as to the likely outcome of the case.

Moreland timely appealed.

## Standard of Review

"We review the denial of a Rule 24.035 motion for post-conviction relief to determine whether the motion court's findings of facts and conclusions of law are clearly erroneous." *Bibbs v. State*, 597 S.W.3d 397, 401 (Mo.App. 2020) (citing Rule 24.035(k)). "The judgment is 'clearly erroneous' when, upon review of the complete record, there is a 'definite and firm impression that a mistake has been made.'" *Hefley v. State*, 626 S.W.3d 244, 248 (Mo. banc 2021) (quoting *Johnson v. State*, 580 S.W.3d 895, 900 (Mo. banc 2019)). "This Court presumes the motion court's findings are correct." *May v. State*, 558 S.W.3d 122, 124 (Mo.App. 2018) (citing *Kerns v. State*, 389 S.W.3d 749, 752 (Mo.App. 2013)). "The movant bears the burden of showing by a preponderance of the evidence that the motion court clearly erred in its ruling." *White v. State*, 654 S.W.3d 743, 747 (Mo.App. 2022) (citing *Stacker v. State*, 357 S.W.3d 300, 303 (Mo.App. 2012)). "Credibility determinations are exclusively for the motion court, and we defer to those determinations." *Id.*

## Analysis

"A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Booker v. State*, 552 S.W.3d 522, 527 (Mo. banc 2018) (quoting *Bousley v. United States*, 523 U.S. 614, 618 (1998)). To state a claim for ineffective assistance of counsel, "the movant must allege facts, not mere conclusions, demonstrating: (1) that counsel's

performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and (2) that counsel's deficient performance actually prejudiced the movant." *DePriest v. State*, 510 S.W.3d 331, 338 (Mo. banc 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "In the context of a guilty plea, the defendant waives any claims counsel was ineffective 'except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made.'" *Booker*, 552 S.W.3d at 527 (quoting *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005)). "Accordingly, when the movant enters a guilty plea, the movant can only satisfy the prejudice requirement by alleging facts showing that but for counsel's deficient performance, the movant would not have pleaded guilty and would have gone to trial." *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The motion court did not clearly err in finding that Moreland's guilty plea was knowing and voluntary because the record refutes Moreland's claim that trial counsel told him he would be placed in the Greene County treatment court if he entered a plea of guilty. Specifically, both plea counsel and trial counsel unequivocally testified that they never promised or guaranteed anything to Moreland about his sentence. Moreland confirmed this in his own testimony when he acknowledged understanding "[i]t was in the Judge's hands" and he "was hoping to get to go home." Further, Moreland testified he signed the Acknowledgment after reading it, and the Acknowledgment sets out that the trial court may impose whatever sentence it chooses. Moreland also testified at the time of his plea that he had not been promised or guaranteed anything.[7] The motion court did not clearly err in determining the record evidence outweighed

---

[7] Moreland cites *Webb v. State*, 334 S.W.3d 126, 129 (Mo. banc 2011), for the proposition that "[a] negative response to a routine inquiry whether any promise other than stated on the record had been made is too general to encompass all possible statements by counsel to his client." (quoting *Shackleford v. State*, 51 S.W.3d 125, 128 (Mo.App. 2001)). In *Webb*, the court held that the motion court clearly erred in finding that the record refuted Webb's claim of ineffective assistance of counsel based on Webb's claim his counsel told him he would be required to serve only 40 percent of his 12-year sentence. *Id.* at 129-30. The court determined the motion court could not rely only on Webb's negative responses at the plea colloquy where parole eligibility was not mentioned at the plea

any speculation by trial counsel as to what Moreland may have believed and whether that belief was reasonable. "A disappointed expectation of a lesser sentence does not make a guilty plea involuntary." *Carden v. State*, 404 S.W.3d 386, 389 (Mo.App. 2013) (quoting *Mendez v. State*, 180 S.W.3d 75, 79 (Mo.App. 2005)). "[A] motion court does not clearly err in denying a claim that the movant was misled about his sentence where the attorney testifies at an evidentiary hearing the alleged misadvice was never given." *Id.* Here, both plea counsel and trial counsel testified that they never guaranteed a sentence to Moreland. That Moreland (and perhaps trial counsel) may have been disappointed in the sentence entered does not render Moreland's plea of guilty unknowing or involuntary.[8]

**Conclusion**

The motion court's denial of Moreland's Rule 24.035 amended motion is affirmed.

GINGER K. GOOCH, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J – CONCURS

BECKY J. W. BORTHWICK, J. – CONCURS

---

colloquy. *Id.* The court held Webb was entitled to an evidentiary hearing and might be entitled to relief if he established he was prejudiced from relying on misinformation. *Id.* at 131. This case is distinguishable from *Webb* because the motion court did conduct an evidentiary hearing over two different dates and relied on evidence in addition to Moreland's plea colloquy responses, including testimony of plea counsel and trial counsel, in concluding Moreland's plea was knowing and voluntary. Although Moreland testified trial counsel told him he would be able to participate in treatment court if he entered a plea of guilty, the motion court rejected this testimony and we defer to the motion court's credibility determinations. *White*, 654 S.W.3d at 747.

[8] Further, Moreland cannot prove the prejudice prong of an ineffective assistance of counsel claim in any event because "where the plea court corrects or clarifies inadequate or incorrect advice by counsel and the defendant acknowledges his understanding of the court's admonishments, the defendant is not prejudiced." *Thornton v. State*, 456 S.W.3d 435, 440 (Mo.App. 2014). The trial court did exactly that when it informed Moreland of the maximum possible sentence and of the trial court's ability to sentence within that range, and Moreland expressed that he understood the trial court's admonishment. Further, in this case, Moreland has not argued prejudice due to an affirmative misrepresentation concerning his eligibility for treatment court; rather, there seems to be no dispute he was eligible but the trial court declined to place him on probation with a condition of the probation that he participate in treatment court. *Cf. Hefley*, 626 S.W.3d 250-51.

10