

# Missouri Court of Appeals
## Southern District

### In Division

AARON M. BURNETT,                )
                                 )
    Movant-Appellant,       )
                                 )
    v.                      )    No. SD37473
                                 )
STATE OF MISSOURI,               )    **Filed:  November 15, 2023**
                                 )
    Respondent-Respondent.  )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

The Honorable Calvin R. Holden, Judge

### AFFIRMED

Aaron M. Burnett ("Mr. Burnett") appeals the order of the motion court denying his Rule 24.035 motion for post-conviction relief following an evidentiary hearing.[1]  In his motion, Mr. Burnett claims plea counsel was ineffective by failing to advise him of the possibility of receiving consecutive sentences which rendered his guilty plea involuntary and unknowing because, had he known he could receive consecutive sentences, he would not have pled guilty and, instead, would have gone to trial.  Finding no clear error, we affirm.

---

[1] All rule references are to Missouri Court Rules (2018), and all statutory references are to RSMo 2000, unless otherwise indicated.

1

**Factual Background and Procedural History**

In the underlying criminal proceeding, the State charged Mr. Burnett with six different counts of engaging in sexual misconduct with a minor relating to three different victims: (1) one count of sodomy related to one victim; (2) two counts of statutory sodomy in the first degree related to a second victim; and (3) three counts of statutory sodomy in the first degree related to a third victim. Mr. Burnett pled guilty to one count of sodomy (Count 1) and two counts of statutory sodomy (Counts 2 and 6) in exchange for the State dismissing the remaining three counts charged against him.

At the plea hearing, Mr. Burnett confirmed he was in good health, he understood the charges against him, that he had no questions about those charges, and that he had enough to time to discuss his case with plea counsel. He testified that plea counsel had gone over the evidence with him, answered all his questions, and that he was "[a]bsolutely" satisfied with plea counsel. The State, at the plea court's direction, then advised Mr. Burnett on the "range of punishment and the factual basis" for his charges:

> [State]: As to Count 1, the unclassified felony of sodomy, it carries with it, back at the time the offense was committed in 1993 and 1994, a minimum punishment of five years with a maximum punishment of life in prison.
> Count No. 2, the unclassified felony of sodomy in the first degree, also a minimum punishment as the victim is charged under 12, would be a minimum of ten years with a maximum of life in prison.
> And that is the same with Count 6, an unclassified felony of statutory sodomy in the first degree with a victim under 12. That carries with it a minimum punishment of ten years with a maximum of life.
> All three offenses are classified as dangerous felonies, so if sentenced to the Department of Corrections, the defendant would be required to serve 85 percent of his sentence before being eligible for parole.

During the plea colloquy, Mr. Burnett admitted he was pleading guilty to each count because he committed the acts alleged in the State's factual basis for those counts. He also stated no one had threatened him or promised him anything other than the

2

dismissal of Counts 3, 4, and 5 in exchange for his guilty plea. The plea court accepted his guilty pleas as knowing and voluntary.

The plea court held Mr. Burnett's sentencing hearing on October 19, 2018. The State informed the plea court of Mr. Burnett's extensive history of sexual abuse against his victims and that he was convicted in federal court for possessing child pornography. Two of Mr. Burnett's victims testified at the hearing. The State then recommended to the plea court that Mr. Burnett be sentenced to life imprisonment. Plea counsel requested the plea court sentence Mr. Burnett to probation. Plea counsel further argued that Mr. Burnett had complied with all conditions of his release from his federal sentence, had completed MOSOP, passed numerous polygraphs, and had not reoffended. Alternatively, plea counsel asked the plea court to consider a term of 10 years' imprisonment, of which he would be required to serve 85 percent due to the nature of his charges. The plea court ultimately sentenced Mr. Burnett to 10 years' imprisonment on each count, to run consecutive to each other. The plea court stated, "If you figure this out, you probably just got a life sentence."

Before the plea court pronounced its sentence, Mr. Burnett stated that plea counsel did everything asked of him, did not promise him he would receive any certain sentence, did not threaten him to plead guilty, and he was "completely satisfied" with plea counsel's assistance.

On February 28, 2019, Mr. Burnett filed his Rule 24.035 motion for post-conviction relief. The motion raised seven claims, but only one is relevant to this appeal. Mr. Burnett alleged plea counsel was ineffective because he "failed to discuss or explain

the possibility of consecutive time to [Mr. Burnett] before sentencing." The motion argued, *inter alia*, plea counsel was ineffective because the:

> [t]estimony of [Mr. Burnett] and [plea counsel] would establish that counsel never told [Mr. Burnett] that he could receive consecutive time on each count, and that the three consecutive ten year sentences were beyond what [Mr. Burnett] could have anticipated when he was questioned by the court about assistance of counsel.

He further argued he "would have taken his case to trial if he had known that consecutive sentences were a possibility" and, in a separate claim, that plea counsel "almost guaranteed" probation would be available.

The motion court held an evidentiary hearing on Mr. Burnett's claims, at which plea counsel and Mr. Burnett both testified, on May 17, 2021. Plea counsel testified he thought Mr. Burnett's prior conviction for "related issues as to pornography" and behavior under supervision increased his chances for receiving probation at sentencing. He stated, "I told [Mr. Burnett], while I could not guarantee probation, that I did consider him a very strong candidate for probation." Neither the State nor Mr. Burnett asked plea counsel whether he advised Mr. Burnett about the possibility of receiving consecutive sentences, so his testimony was silent on that claim. On cross-examination, plea counsel testified that, in exchange for Mr. Burnett's plea, the State agreed not to amend the information to allege that Mr. Burnett was a predatory sex offender, which would have required he receive a mandatory life sentence. So, by accepting the State's offer and pleading guilty, Mr. Burnett had the possibility of receiving much less than "mandatory life."

Mr. Burnett testified after plea counsel. Post-conviction counsel asked Mr. Burnett if he "ever discussed the possibility of consecutive sentences" with plea counsel.

4

Mr. Burnett stated, "No, sir, we never did.  That was not – that was never discussed." Mr. Burnett testified that plea counsel predicted the plea court would sentence him to probation based on the age of the crime and that plea counsel had "assured [Mr. Burnett] that [he] would get probation so just to follow his lead."  Mr. Burnett stated this assurance is why he did not voice his complaints about plea counsel to the plea court when it inquired.  Mr. Burnett specifically stated, "what I was told was that I was to stay quiet and follow [plea counsel's] lead, everything would be okay" and "I was told that if I pled guilty, I wouldn't go to jail and I would get probation. . . . Had [plea counsel] told me that the possibility of -- getting this much time was a possibility, I would have still insisted that we go to trial[.]"

On cross-examination, Mr. Burnett stated plea counsel "[a]bsolutely" guaranteed him he would get probation.  However, Mr. Burnett admitted the State had recited the range of punishment for the first count, which had a maximum sentence of life imprisonment.  The State asked, "So regardless of consecutive time, concurrent time, you knew that the maximum sentence was life?"  Mr. Burnett answered, "Yes, sir," but added, "Again, that's what I was told to do to get probation."

On February 8, 2022, the motion court entered its order denying all of Mr. Burnett's claims for relief set forth in his Rule 24.035 motion.  The motion court concluded plea counsel was not ineffective for failing to advise Mr. Burnett about the possibility of consecutive time and found Mr. Burnett's "claim is refuted by the record." It also determined Mr. Burnett was aware the only agreement between him and the State was for the State to dismiss three sodomy counts in exchange for his guilty plea; nobody promised him anything other than a dismissal of Counts 3, 4, and 5; the State advised him

5

that the range of punishment included a maximum sentence of life imprisonment for each charge; and Mr. Burnett knew he faced the possibility of three life sentences. The motion court concluded, "At no time during the plea hearing was [Mr. Burnett] promised he would receive concurrent sentences." Mr. Burnett timely appealed.[2]

## Standard of Review

Appellate review of an order sustaining or overruling a motion for post-conviction relief after a guilty plea is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only if we are left with a definite and firm impression a mistake was made after reviewing the entire record. *Ross v. State*, 335 S.W.3d 479, 480 (Mo. banc 2011). "This Court presumes the motion court's findings are correct." *Johnson v. State*, 664 S.W.3d 757, 762 (Mo. App. S.D. 2023) (quoting *May v. State*, 558 S.W.3d 122, 124 (Mo. App. S.D. 2018)). We also defer to "the motion court's superior opportunity to judge the credibility of witnesses." *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018) (quoting *Barton v. State*, 432 S.W.3d 741, 760 (Mo. banc 2014)); *Jones v. State*, 661 S.W.3d 806, 808 (Mo. App. S.D. 2023). "The movant bears the

---

[2] Mr. Burnett's brief deviates from Southern District Special Rule 20(a), in that it does not contain a separate statement demonstrating the timeliness of his initial Rule 24.035 motion and any amended motion. We have nonetheless confirmed Mr. Burnett's Rule 24.035 motion was timely. *See Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015); *see also Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012). Mr. Burnett did not file a direct appeal and instead filed his Rule 24.035 motion through the assistance of private counsel on February 28, 2019, within 180 days of when the plea court entered its sentence on October 19, 2018. *See* Rule 24.035(b). Because Mr. Burnett's Rule 24.035 motion was timely and the State does not contend otherwise, we will review his point on appeal *ex gratia*.

burden of showing by a preponderance of the evidence that the motion court clearly erred in its ruling." ***White v. State***, 654 S.W.3d 743, 747 (Mo. App. E.D. 2022) (citing ***Stacker v. State***, 357 S.W.3d 300, 303 (Mo. App. S.D. 2012)).

## Analysis

Mr. Burnett raises only one point on appeal. It reads:

The motion court clearly erred in denying Mr. Burnett Rule 24.035 relief on his claim that plea counsel rendered ineffective assistance in failing to advise him it was possible he would be sentenced consecutively on each count *because* a plea must be a knowing and intelligent act done with sufficient awareness of relevant circumstances and likely consequences, so counsel has a duty to discuss the possible direct consequences of pleading guilty, including the possibility of consecutive sentences, and when a defendant is not affirmatively informed of the possibility of consecutive sentences in accepting a guilty plea, and the defendant receives consecutive sentences, this is ineffective assistance in violation of U.S. Const. Amends. VI and XIV and Mo. Const. art. I, §§ 10 and 18(a) warranting Rule 24.035 relief *in that* there was no evidence before the motion court either at the evidentiary hearing or in the record of the underlying case that Mr. Burnett ever had been informed of the possibility of consecutive sentences, the only evidence at the evidentiary hearing was neither plea counsel nor the trial court ever informed him of this and had he been advised that consecutive sentences were a possibility he would not have pleaded guilty, and the motion court misconstrued his claim as one of having been "promised he would receive concurrent sentenceds," [sic] which Mr. Burnett never argued.

"A plea of guilty is constitutionally valid only to the extent it is voluntary and intelligent." ***Moreland v. State***, 659 S.W.3d 671, 678 (Mo. App. S.D. 2023) (quoting ***Booker v. State***, 552 S.W.3d 522, 527 (Mo. banc 2018)) (internal quotations and citation omitted). A movant seeking to set aside a conviction for ineffective assistance of counsel must demonstrate by a preponderance of the evidence: (1) his or her counsel failed to exercise the customary skill and diligence a reasonably competent counsel would perform under similar circumstances; and (2) the attorney's failure prejudiced movant. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984); ***Anderson***, 564 S.W.3d. at 600. If a movant

7

fails to establish either the performance prong or the prejudice prong of the *Strickland* test, the claim of ineffective assistance of counsel must fail, and we need not consider the other prong. *Strickland*, 466 U.S. at 687. To demonstrate prejudice, a movant must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hosier v. State*, 593 S.W.3d 75, 81 (Mo. banc 2019). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Deck v. State*, 68 S.W.3d 418, 426 (Mo. banc 2002)). "In the context of a guilty plea, the defendant waives any claims counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Moreland*, 659 S.W.3d at 678 (quoting *Booker*, 552 S.W.3d at 531) (internal quotations and citation omitted). "Accordingly, when the movant enters a guilty plea, the movant can only satisfy the prejudice requirement by alleging facts showing that but for counsel's deficient performance, the movant would not have pleaded guilty and would have gone to trial." *Id.*

Here, the motion court did not clearly err in finding that Mr. Burnett's plea was knowing and voluntary because the record refutes Mr. Burnett's position that he would have gone to trial, and not pled guilty, if he knew he could receive that "much time" in prison. Mr. Burnett failed to establish *Strickland*'s prejudice prong. When provided the opportunity to prove prejudice, Mr. Burnett testified at the evidentiary hearing as follows:

> [Post-conviction Counsel:] If the Judge doesn't grant you a new trial or set aside your guilty plea, are you asking to be resentenced?
>
> [Mr. Burnett:] Well, I don't know. That is something we -- we've not discussed. But I -- what I would like is the opportunity because my counsel did not -- did not give me the chance that I wanted to go to trial. I'd like that opportunity.

8

If the Court does not grant that, then I -- I guess I have no choice but to ask that he resentence me.

[Post-conviction Counsel]: Is there anything else you want to tell the Court about your representation?

[Mr. Burnett:] Yes. If -- I honestly believe that if I had been given the right to speak the way I wanted to, we would have had a trial, and I would have had -- there would have been no reason for us to be here today, that my rights would have been granted. But I was not allowed -- I was not allowed to speak, I wasn't give [sic] the opportunity, and I was told that if I pled guilty, I wouldn't go to jail and I would get probation. **Had -- had I known that -- had he told me that the possibility of -- getting this much time was a possibility, I would have still insisted that we go to trial**, but I was under the impression that I was getting probation, which is not what I really wanted. I wanted to go to trial.

(Emphasis added). However, the record clearly reflects Mr. Burnett was aware he could receive the statutory maximum of life imprisonment on each count to which he pled guilty yet he still chose to plead guilty instead of proceeding to trial. The State advised Mr. Burnett on the range of punishment for his charges at the plea hearing, including the possibility of multiple life sentences. Mr. Burnett confirmed he understood the charges against him, that he committed the charged offenses, and that he had no agreement with the State other than the State was to dismiss three of the six charges upon his guilty plea. He stated no one threatened him or promised him anything other than the dismissal of Counts 3, 4, and 5 to get him to plead guilty. His statements at the plea hearing, contrary to the contentions in his Rule 24.035 motion, also verified plea counsel made no promises as to probation or any other sentence. At the sentencing hearing, the State recommended to the plea court that Mr. Burnett be sentenced to life imprisonment. Before the plea court pronounced his sentence, Mr. Burnett reiterated that plea counsel did everything asked of him, did not promise him he would receive any certain sentence, did not threaten him, and he was "completely satisfied" with plea counsel's assistance. Even if Mr.

9

Burnett was not advised on the possibility of receiving consecutive sentences, he suffered no prejudice since he pled guilty while knowing life imprisonment, calculated at 30 years, was possible and ultimately received less than the statutory maximum for each offense to which Mr. Burnett pled guilty. *See **Murta v. State***, 257 S.W.3d 671, 676 (Mo. App. S.D. 2008) (criminal defendant could not show prejudice when he "failed to present any evidence tending to prove he misunderstood the applicable range of punishment").

Mr. Burnett's three consecutive 10-year prison terms did not exceed life in prison. In fact, the plea court had the option to sentence Mr. Burnett to three life sentences to run concurrently, a life sentence on one count and concurrent sentences of a term of 30 years or less on the other two counts, or concurrent sentences of 30 years imprisonment on one count and something less on the other two counts. *See* section 558.026.1. Each of those examples would have been within the maximum penalties for each offense, and Mr. Burnett chose to plead guilty while knowing the maximum possible sentence he could receive. Additionally, if Mr. Burnett expected probation in lieu of imprisonment, a "disappointed expectation of a lesser sentence does not make a guilty plea involuntary." ***Carden v. State***, 404 S.W.3d 386, 389 (Mo. App. S.D. 2013) (quoting ***Mendez v. State***, 180 S.W.3d 75, 79 (Mo. App. S.D. 2005)).

<u>**Conclusion**</u>

Because Mr. Burnett failed to prove his allegation to the motion court showing that but for plea counsel's deficient performance he would not have pled guilty and would have gone to trial, Mr. Burnett's claim alleging ineffective assistance of counsel fails. Finding no clear error in the motion court's order finding Mr. Burnett's guilty plea

10

was knowing and voluntary and denying Mr. Burnett's Rule 24.035 motion for post-conviction relief, the order is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS

11